## THE STATE v. KRANER.

1 Bail: EXONERATION. To exonerate himself the bail must arrest and surrender the party indicted to the sheriff, upon presenting him with a copy of the bond.

2. ———: ———: DISCRETION OF COURT. The court may, at his discretion, remit the whole or any part of the amount of the bond before judgment is entered, if the defendant be surrendered; but the action of the court in such case will not be reversed unless an abuse of discretion is shown.

3. ———: ———: OFFICER. The failure of the sheriff to arrest the party indicted when the bail presents the bond, will not exonerate the bail from liability upon his undertaking.

*Appeal from Wapello District Court.*

WEDNESDAY, APRIL 23.

ACTION at law upon a bail bond for the appearance of one Hillier, who was arrested on a warrant issued upon an indictment. The cause was submitted to the court without a jury and judgment was rendered for plaintiff. Defendant appeals.

*John B. Ennis*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

Beck, Ch. J.—I. The record discloses the facts to be as follows: Hillier was indicted for the crime of nuisance, and defendant became his bail in a bond conditioned that Hillier should personally appear at the next term of court, and should "not depart without leave of the court, and obey all orders of said court made in said case." At the appearance term Hillier appeared and pleaded guilty, and was fined fifty dollars, and judgment therefor and for costs was rendered against him, and an order entered that he be committed to jail until the fine and costs be paid, as provided by the statute, and that in case he be not discharged a warrant of commitment be issued. At the next term Hillier, being called, failed to appear, and the bond was declared forfeited. The defendant herein presented to the sheriff a certified copy of the bail bond, and in writing directed him to arrest Hillier and take him into custody in execution of the judgment, which the sheriff declined to do. At that time, and for a long time after, Hillier could have been arrested by the sheriff. Whether the copy of the bond and the request for the arrest were delivered to the sheriff before the bond was declared forfeited does not clearly appear. It is said in the record to have occurred "shortly after the fine and judgment were assessed against Hillier." We will consider the fact to be that it occurred before the forfeiture was declared.

The defendant at the trial offered to surrender Hillier, who was in court, in execution of the judgment, and then moved the court to set aside the forfeiture, which was refused, and Hillier was permitted to depart from the court.

II. The bail, in his exoneration, at any time before forfeiture, may arrest and surrender the party indicted to the sheriff upon presenting him with a copy of the bond. Code, §§ 4593, 4594. These statutes require the bail to make the arrest or authorize another to

1. BAIL: exoneration.

do so; they impose no such duty upon the sheriff. His duty is to receive and detain in custody the party delivered to him. The defendant failed to do the act necessary for his exoneration, namely, arrest and deliver the party to the sheriff. He cannot, therefore, claim exoneration.

III.  Code, § 4600, provides that "if, before judgment is entered against the bail, the defendant be surrendered or 2. ——: ——: arrested, the court may, in its discretion, remit the whole or any part of the sum specified in the undertaking." Defendant claims that, upon his offer to surrender Hillier at the trial, the court ought to have ordered him into custody and caused the penalty, in whole or in part, to have been remitted. Such a course rested in the sound legal discretion of the court. If it were shown that this discretion was abused, we would reverse; but it does not so appear by the record. We cannot presume that there was any abuse of discretion.

*2. —: —: discretion of court.*

IV.  Defendant insists that the sheriff failed to perform his duty in refusing to arrest Hillier in execution of the judgment, and that the bail is therefore exonerated. The premise may be admitted, but the conclusion stated does not follow. It was defendant's duty to see that Hillier was arrested, and the law pointed out the way that duty was to be performed. He was in default in not discharging that duty, and for that reason the forfeiture was properly declared against him. The omission of duty by the sheriff is no excuse for his default. Had defendant arrested Hillier and taken him to the sheriff he would have discharged his duty, and if Hillier were then permitted to escape punishment defendant would have been exonerated.

*3. —: —: officer.*

No other questions arise in the case. The judgment of the District Court is

AFFIRMED.