THE STATE v. STEWART *et al.*

1. **Venue :** CHANGE OF : PREJUDICE OF COUNTY : DISCRETION OF COURT. Where a change of venue was asked on the ground of the prejudice of the inhabitants, and supported by the affidavits of forty-six persons, and resisted by the affidavits of seventy-three persons, *held* that there was no abuse of the court's discretion in overruling the application.

2. ———— : ———— : COUNTY A PARTY : WHEN NOT. A change of venue cannot be demanded, under section 2590 of the Code, in an action upon a forfeited recognizance of one charged with a crime, on the ground that the action is for the benefit of the school fund, and that, therefore, the county is the real party in interest. (Compare *State v. Merryhew*, 47 Iowa, 114).

3. Practice : ORAL AGREEMENT OF ATTORNEYS : EVIDENCE. Under section 213 of the Code, an agreement between the attorneys in a case affecting the rights of clients cannot be established by oral evidence, except the admission of the attorney whose client is to be charged by the agreement.

4. Sureties : ON APPEARANCE BOND : DISCHARGE : DELAY IN ARRESTING THE ACCUSED. Sureties on an appearance bond are not discharged by the failure of the sheriff to arrest the accused, by service of a warrant placed in his hands for that purpose, immediately upon his conviction and sentence to pay a fine ; even though the delay of the sheriff is in obedience to instructions from the district attorney, given for the purpose of enabling the accused to make some arrangements with the board of supervisors for the payment of the fine ; for such board has no authority to enter into any arrangements in reference thereto. '

5. ———— : ———— : ———— : NEGLECT TO ARREST ACCUSED AFTER CONVICTION. Where the accused is on bail, and is present at the term of his trial and conviction, and remains until the adjournment of court, and is not arrested or called on to surrender himself during the term, this will not exonerate his bail. (Compare *State v. Kraner*, 50 Iowa, 582 ; *State v. Brown*, 16 Iowa, 316.)

*Appeal from Appanoose District Court.*—HON. DELL STUART, Judge.

## FILED, MARCH 12, 1888.

DEFENDANT Samuel Stewart was convicted in a justice's court of a misdemeanor, and appealed from the judgment. To secure his appearance in the district court, he gave bond as required by section 4698 of the Code. He was tried at the March term, 1886, of the district court, found guilty, and adjudged to pay a fine and costs. At the October term, 1886, he was adjudged to be in default for failure to surrender himself in satisfaction of the judgment. This action is brought on the bond given as aforesaid, which was executed by said Samuel Stewart and his co-defendants, Lizzie and Anna Stewart. The cause was tried to a jury, and verdict and judgment rendered for plaintiff. The defendants appeal.

VOL. 74—22

*T. M. Fee*, for appellants.

*C. F. Howell* and *Tannehill, Vermilion & Haynes*, for appellee.

ROBINSON, J.—I. Defendants filed in the district court an application for a change of the place of trial, and, as grounds therefor, alleged (1) that the inhabitants of Appanoose county were so prejudiced against them that they could not obtain a fair trial in said county; (2) that Appanoose county is a party to the action, and the real party in interest. The application was overruled. In this we discover no error. The first ground was supported by the affidavits of Lizzie and Anna Stewart and forty-four others, residents of the county, and was resisted by the counter-affidavits of seventy-three persons, who stated that in their opinion the defendants could get a fair and impartial trial in that county. The court was required to decide the application on this ground, in the exercise of a sound discretion, and the record fails to show that such discretion was abused. The second ground of the application is within the rule announced in *State v. Merrihew*, 47 Iowa, 114, and was insufficient. The fact that the application alleged that the county was a party is not material. The pleadings showed that the statement was not true, within the meaning of section 2590 of the Code.

II. The defendants offered to prove by the attorney who represented Samuel Stewart in the district court when the criminal case was there tried, and judgment rendered, that, immediately after the rendition of the judgment, he had agreed with the district attorney that Stewart should not be arrested, nor the judgment against him be in any manner enforced, until after the April meeting of the board of supervisors. The objection of plaintiff to the offered evidence, on the grounds

*Margin notes:*

1. VENUE: change of: prejudice of county: discretion of court.

2. ——: ——: county a party: when not.

3. PRACTICE: oral agreement of attorneys: evidence.

that it was incompetent, irrelevant and immaterial, was sustained. In this there was no error. Section 213 of the Code provides that no evidence of an agreement of an attorney to bind his client is receivable "except the statement of the attorney himself, his written agreement, signed and filed with the clerk, or an entry thereof upon the records of the court." We have had occasion to construe this provision in several cases. *Hiller v. Landis*, 44 Iowa, 224; *Sapp v. Aiken*, 68 Iowa, 701. It is clear that the proposed evidence was not competent.

III. The defendants offered to show that a warrant for the arrest and commitment to jail of Samuel Stewart was issued and placed in the hands of the proper sheriff for service, during the term of the district court at which said Stewart was convicted, and while he was present; that after he received such warrant the sheriff was instructed in writing by the district attorney to hold the same until after the April session of the board of supervisors; and that the sheriff acted upon the instruction so received, and made no attempt to serve the warrant until after the April session of the said board. The offered evidence was excluded, on the objection of plaintiff. Had it been received, it would have tended to show that proceedings under the judgment which imposed a fine on Stewart were stayed for the purpose of allowing some arrangement for its payment to be made with the board of supervisors. It is insisted by appellants that such an extension of time as they proposed to prove would operate to release the sureties on the bond in suit. Whether that effect would follow depends upon whether it was made by competent authority, and without the knowledge and consent of the sureties. The proceeds of the fines, when paid, would become a part of the temporary school fund. Code, sec. 1838. It was payable to the county treasurer, and, when so paid, became subject to apportionment by the board of supervisors. Code, sec. 1841. But until such payment was made the board had no jurisdiction

*Marginal note:* 4. SURETIES : on appearance bond: discharge: delay in arresting the accused.

of the fine, and certainly had no authority to agree to terms for its payment. The governor alone has power to remit fines. We conclude, therefore, that the district attorney would have no authority to suspend proceedings under the judgment for the purpose claimed. But the action of the district court in excluding the evidence under consideration may be sustained on another ground. The instructions claimed to have been given by the district attorney directed the sheriff to hold the warrant until after the April session of the board of supervisors. They did not recite any agreement to suspend proceedings, and no fact was shown which would have prevented the payment of the fine, or the surrender of the defendant, in the criminal case, by his bail. The fact that the sheriff did not at once serve the warrant when it came into his hands would not release the bail. *State v. Kraner*, 50 Iowa, 582.

IV. The defendants complain of the refusal of the district court to give an instruction as follows: "If the jury find that said Samuel Stewart was in attendance at the March term, 1886, of the district court of Appanoose county, Iowa, and was present when the judgment was rendered against him, and remained present during said term until its adjournment, and was not arrested by the authority of the state of Iowa to satisfy said judgment, or for imprisonment, before the adjournment thereof, thereon, or was not called at said term of court to surrender himself in execution of said judgment, but left the court because it adjourned, you should find for the defendants." The bond in suit is in the statutory form, and undertakes that "Samuel Stewart will appear in the district court of said county at the term thereof to which the appeal is returnable, and abide the judgment of said court, and not depart without leave of the same, or that we will pay the sum of one hundred dollars to the state of Iowa." So far as it is involved in the foregoing instructions, we see no difference between the legal effect of this bond and of those provided for by sections 4574 and 4585 of the Code. In *State v. Kraner*,

5. $\frac{\quad:\quad}{\quad:\text{neglect}}$ to arrest accused after conviction.

*supra*, where the defendant was convicted of the crime of nuisance, and adjudged to pay a fine of fifty dollars and costs, we held that the bail was not exonerated, although the defendant was permitted to go at large after the judgment was entered. In that case the bail had requested the sheriff to arrest the defendant, and had been refused. The case of *State v. Brown*, 16 Iowa, 316, is also an authority against the claim of defendants. We do not think the conditions of the bond were fulfilled by the attendance of the principal at the term of court to which it especially referred. It was the duty of the obligors to have their principal at all times ready to answer to the judgment of the court, until they had surrendered him as provided by law, or until the fine was satisfied.

V. Defendants complain of a paragraph of the charge to the jury relating to the burden of proof. The language of the paragraph is not to be commended ; but in the opinion of the majority of the court, when considered in connection with other portions of the charge, it could not have misled the jury.

VI. Other questions are discussed by counsel, which need not be set out at length. We have considered them, and find no prejudicial error involved.

AFFIRMED.