## JAMES McDEVITT

*v.*

## MARGARET CONNELL and MARGARET O'BRIEN.

[Decided April 5th, 1906.]

1. A district court is a court of record of general jurisdiction, though the amount of its jurisdiction is limited, and does not depend on the residence of the defendant, and its judgment cannot be attacked collaterally on the ground that the jurisdiction to enter the judgment in the class of cases within its jurisdiction is not shown affirmatively on the face of the proceedings.

2. Where a bill by a judgment creditor to set aside a conveyance by the debtor as fraudulent shows that the judgment was obtained in a district court on a debt and for an amount within its jurisdiction, it must be presumed that the judgment was properly obtained, and a demurrer to the bill on the ground that it was not properly obtained must be overruled.

3. An answer to the whole or part of a bill, the whole of which is demurred to, overrules the demurrer.

On demurrer of defendant Connell to bill of complaint.

*Messrs. Perry & Stokes,* for the demurrant.

*Mr. S. Cameron Hinkle,* for the complainant.

EMERY, V. C.

Complainant files his bill as a judgment creditor of defendant Connell to set aside a conveyance of lands made by the judgment debtor to defendant O'Brien previous to the recovery of the judgment, upon the ground that the conveyance was fraudulent. The judgment is alleged to have been originally obtained in the district court of Atlantic City on May 26th, 1904, and after a return of execution unsatisfied the judgment was docketed in the court of common pleas of Atlantic county. The debt upon which the judgment was obtained was alleged to have been incurred prior to the conveyance in question, which is alleged to have been without consideration. The character of the process or of the service of process in the suit is not set out, nor does it appear whether it was commenced by service of process on the defendant within the jurisdiction. The only allegation of the bill in this respect is that on the 18th day of April, 1904, the complainant instituted suit against the defendant Connell in the district court for the recovery of a debt of $150, and that on the 26th day of May, 1904, he obtained a judgment in this court for $112.41 and $11.57 costs.

The defendant Connell demurs to the bill, assigning as a reason that the judgment was obtained in a suit commenced by a writ of attachment, which, under the District Court law, was operative only by the attachment of personal property, and that the

attachment was executed only by attaching the lands now in question. It is therefore claimed that the judgment is void; that complainant is not a judgment creditor, and the bill should be dismissed.

On a demurrer the validity of the bill must be determined upon the facts set up therein as to the judgment, and the statement of the demurrer as to other facts alleged to be the foundation of the judgment cannot be considered on this hearing. *Black* v. *Shreeve, 7 N. J. Eq. (3 Halst.) 440, 458 (Chancellor Halsted, 1848)* ; *Teeter* v. *Veitch, 66 N. J. Eq. (21 Dick.) 162, 171 (Vice-Chancellor Grey, 1904)*. The demurrer in such case must be overruled as what has been sometimes termed a speaking demurrer, unless these statements can be rejected as surplusage, and the demurrer sustained without regard to the new facts set up. *1 Dan. Ch. Pr. (6th Am. ed.) \*587; Story Eq. Pl. § 448.* Rejecting these statements, the only question is whether the allegation of the institution of the suit and the recovery of judgment in the district court is sufficient, or whether it is necessary to the validity of the judgment that the bill should also show how jurisdiction over the person of the defendant was acquired.

Judgments of a superior court of record of general jurisdiction are *prima facie* valid, and in proceeding upon such judgments it is not necessary to set out the facts conferring jurisdiction, as in such cases the presumption is in favor of the jurisdiction and of all things requisite to the validity of the judgment. *·2 Black Judg. § 966.* Under the District Court acts (*Revision ·1898; P. L. 1898 p. 564 §§ 29, 30*), this court is a court of record, and although the amount of its jurisdiction is limited it has general jurisdiction in all cases up to this amount, except where title to lands is in question. The jurisdiction does not depend on the residence of the defendant, and may be acquired against a nonresident, by service of process or by his voluntary appearance. *Funck* v. *Smith, 46 N. J. Law (17 Vr.) 484 (Supreme Court, 1884)*. And, as a court of record possessing this limited but general jurisdiction over specified classes of cases, its judgments cannot be attacked collaterally, merely for the reason that the jurisdiction to enter the judgment in this class of cases is not

shown affirmatively on the face of the proceedings. *Russell* v. *Work, 35 N. J. Law (6 Vr.) 316, 320 (Supreme Court, 1872)*; *Craig* v. *Somers, 55 N. J. Law (26 Vr.) 525, 527 (Supreme Court, 1893)*. If the judgment can be collaterally attacked for the reasons set out in the demurrer, or for want of jurisdiction over the person of the defendant, the facts showing this lack of jurisdiction must be alleged and proved. This was the procedure adopted in *Miller* v. *Dungan, 36 N. J. Law (7 Vr.) 21 (Supreme Court, 1872)*, where the validity of a personal judgment entered in proceedings commenced by attachment was determined adversely upon pleas setting up facts showing want of jurisdiction to enter the judgment sued on. Inasmuch, therefore, as it appears by the bill that the judgment was obtained upon a debt and for an amount within the limited jurisdiction of the district court, it must, for the purposes of this hearing, be taken to have been a judgment properly obtained, and the demurrer must be overruled.

The state of the case sent up with the briefs contains copies of an answer to the whole bill by the demurrant, and upon examining the record, since writing the above conclusion, I find that such answer was filed. As the demurrer (which was also to the whole bill) prays judgment, in the usual form, whether defendant should be required to answer, it is clear that by answering the whole matter demurred to the demurrer is waived. The general rule is settled that a plea or answer to the whole or part of a bill, the whole of which is demurred to, overrules the demurrer. *1 Dan. Ch. Pr. (6th Am. ed.) \*589; Story Eq. Pl.* § *688; Clark* v. *Phelps, 6 Johns. Ch. 214; Stearns* v. *Page, 1 Story 204; 22 Fed. Cas. 1188, No. 13,339; Corlie* v. *Corlie's Executors, 23 N. J. Eq. (8 C. E. Gr.) 197*. In some cases, as where the demurrer is to the jurisdiction, the benefit of the demurrer, if claimed by the answer, may be given at the final hearing on the bill and answer; but the general rule applies to this case, and the demurrer will be overruled, with costs. The answer filed will stand, with leave to complainant to reply or file exceptions within thirty days.