[No. 6932.  Decided February 13, 1908.]

BEN C. NICHOLS, *Appellant*, v. HOWARD B. DOAK *et al.*, *Respondents.*[1]

JUDGMENT—CONCLUSIVENESS—RECITALS—EVIDENCE TO CONTRADICT —BANKRUPTCY—DISCHARGE—FRAUD IN OBTAINING PROPERTY. In bankruptcy proceedings, judgments reciting that recovery was had against the bankrupt because of fraud in obtaining property are conclusive on that question, in a subsequent action by the bankrupt to restrain execution sales by judgment creditors who claimed that the discharge in bankruptcy did not affect judgments taken because of fraud in obtaining property, within § 17 of the Bankruptcy Act; and evidence to controvert the fact recited is inadmissible.

BANKRUPTCY—DECREE—FORM—ALTERNATIVE PROVISIONS—COLLATERAL ATTACK—PRESUMPTIONS. Upon a collateral attack of judgments against a bankrupt, reciting that recovery was had against him because of his fraud in obtaining property, and which ordered recovery of specified amounts for damages on account of the fraud, it will be presumed that the court found that return of the property could not be had, and the judgments are not defective in form because not in the alternative.

SAME—DISCHARGE—EFFECT OF FRAUD IN OBTAINING PROPERTY— LIEN OF JUDGMENT. Under § 17 of the Bankruptcy Act, judgments obtained in bankruptcy proceedings because of fraud of the bankrupt in obtaining property are not affected by his discharge in bankruptcy, and become liens on property thereafter acquired by the bankrupt while the judgments are in force.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 23, 1906, upon find-

[1]Reported in 93 Pac. 919.

ings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to enjoin the sale of real property under execution. Affirmed.

*James Dawson* and *R. E. Porterfield*, for appellant.

*Samuel R. Stern*, for respondents.

HADLEY, C. J.—This is an action to enjoin the sheriff of Spokane county from selling certain real estate under execution. In two previous causes in the superior court of Spokane county, in each of which the plaintiff in this action was the defendant, judgments were rendered against him as such defendant. Thereafter he was adjudged a bankrupt, and was discharged as such. Following the date of his said discharge he inherited from his mother the real estate above mentioned. The judgments have never been paid. The holders of them in no way participated in the bankruptcy proceedings, and unless the discharge in bankruptcy had the legal effect to satisfy the judgments, they are, upon their face, liens upon the real estate. Proceeding upon the theory that the judgments are liens, the holders of them caused executions to issue, and directed the sheriff to levy upon said land and sell it to satisfy the judgments. This the sheriff was about to do when the judgment debtor brought actions to enjoin the sale, and incidentally to have the judgments cancelled. The two actions were heard together, with the same testimony applying to each, and the court denied the relief asked in each case. Judgment was entered dismissing the actions, and the plaintiff has appealed from both judgments.

The two cases will be treated on appeal as a consolidated cause, as they were treated by the trial court. Appellant contends that his discharge in bankruptcy had the effect to satisfy the judgments, and that they do not now constitute enforcible liens. Respondents, upon the other hand, maintain that the judgments were taken against appellant because of his fraud in obtaining certain property, and that by the terms

of § 17 of the bankruptcy act, appellant's discharge in bankruptcy did not release him from judgments or liabilities of that character. Appellant assigns as error the refusal of the court to permit him, at the trial of this cause, to introduce testimony to show that he did not fraudulently obtain and retain the goods for which said former suits were brought. The judgments themselves were in evidence, and they recited that the recovery against appellant was because of fraud in obtaining goods and the failure to return them, as alleged in the complaint. We think these recitals were conclusive against appellant. The judgments had stood for years unattacked by appeal or otherwise. To have admitted the testimony offered would have allowed the contradiction of the terms of the judgments, and would have permitted in this action a trial of the former actions upon their merits. Such would have amounted to a collateral attack on the judgments. The relief sought was the restraint of execution sales, and in order to effect that end, it was sought by the testimony to impeach the judgments which supported the executions in a particular wherein they were fair upon their face. It was not error to reject the testimony.

It is further contended, however, that the judgments were void for lack of jurisdiction, it being urged that there was no service of process upon appellant and no authorized appearance in his behalf. The court found in this action that service was made upon this appellant as a defendant in the former actions; that the complaint and summons and the affidavit and bond for the return of the property were served upon him, and that he thereafter duly appeared in the actions by Henley, Kellam & Lindsley, his attorneys; that said firm of attorneys, in pursuance of being retained by appellant to defend in said causes, filed motions to make the complaints more definite and certain, which motions were denied by the court; that they also made motion to strike certain interrogatories which had been filed, and thereafter admitted service

of notes of issue of said motions; that motions for default on account of failure to further appear and plead in the actions were made, and service thereof admitted by said attorneys; that said attorneys appeared no further in the actions because of a direction to that effect given to them by appellant. We think the above findings are all justified by the evidence. Particularly do we think the finding with reference to the authoritative appearance of appellant through counsel is abundantly supported by the testimony. The court, therefore, had jurisdiction of the person of appellant in the actions, and inasmuch as it had undoubted jurisdiction of the subject-matter, it was authorized to proceed, and the judgments are not void.

Objection is made to the sufficiency of the form of the judgments entered in the former actions. The judgments definitely recited that it appeared from proof adduced to the satisfaction of the court that the defendant, this appellant, was guilty of false and fraudulent representations in the procurement of the goods described, and that the title never passed to him as against the plaintiffs in this action. It was ordered that the plaintiff should recover specified amounts of damages on account of the fraud and the failure to return the property. The judgments are not in the best form with respect to the alternative feature of requiring the return of the property or the recovery of damages. But in this hearing they are entitled to full credit, and it should be presumed that the court must have found the return of the property impossible or impracticable and therefore entered its judgments for damages.

It follows from what has been said that the judgments are liens upon appellant's real estate, unless they have been discharged from the bankruptcy proceedings. Section 17 of the bankruptcy act provides, among other things, as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . are judgments in actions for frauds, or obtaining property by false

pretenses or false representations,  . . ."  30 U. S. Stat. at Large, p. 550, § 17.

It is manifest that these judgments come within the above exception, and that they were not affected by the bankruptcy proceedings. They were in full force when appellant acquired the land in question, and they became liens thereon. The court did not err in refusing to enjoin the execution sales, and the judgment is affirmed.

FULLERTON, MOUNT, CROW, DUNBAR, and ROOT, JJ., concur.