[Nos. 8562, 8563.  Department One.  March 3, 1910.]

A. EISENBERG, *Appellant*, v. BEN C. NICHOLS, *Respondent*. KOSSUTH MARX JEWELRY COMPANY, LIMITED, *Appellant*, v. BEN C. NICHOLS, *Respondent*.[1]

EQUITY—MAXIMS—CONTRACTS—BREACH. The maxim that equity will not suffer a wrong without affording a remedy has no application in an action for damages for breach of a contract made by defendant's attorney without defendant's knowledge.

STIPULATIONS—ORAL—VALIDITY. An oral "street" agreement of an attorney to file a supersedeas bond on appeal in a cause, whereby the adverse party was led to delay the issuance of execution until the time therefor had expired, is void, under Rem. & Bal. Code, § 130, providing that the court shall disregard all agreements or stipulations in relation to the conduct of any of the proceedings of a cause unless the same be made in open court in the presence of the clerk, entered, etc., or signed by the party or his attorney.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered July 15, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action for damages. Affirmed.

*Samuel R. Stern*, for appellant.
*R. E. Porterfield*, for respondent.

Gose, J.—These cases involve the same questions and will be considered together. The controversy has twice been

[1]Reported in 107 Pac. 371.

before this court in varying forms; *Eisenberg v. Nichols*,
22 Wash. 70, 60 Pac. 124, 79 Am. St. 917; *Nichols v. Doak*,
48 Wash. 457, 93 Pac. 919, 125 Am. St. 942. The appellants
obtained judgment against the respondent in separate ac-
tions, and sought to sell certain property upon execution.
Thereupon the respondent instituted an action against each
of the appellants and the sheriff, for the purpose of vacating
the judgments and restraining the sales. The lower court
having denied the relief sought and dismissed the action, the
respondent appealed to this court, where the judgments were
affirmed. *Nichols v. Doak, supra*. The appellants then insti-
tuted these actions, alleging that, when the appeal was taken
in *Nichols v. Doak*, the respondent's then attorney agreed
with the attorney for the appellants that he would give a su-
persedeas bond; that, relying thereon, the attorney for the
appellants did not issue an execution until after the case was
affirmed in this court, and that the execution was then issued
and quashed on the motion of the respondent, on the ground
that the judgment had expired by limitation. Judgments were
entered in each case in favor of the defendant, and the plain-
tiffs have prosecuted separate appeals. The only evidence
offered in support of the appellants' cause is a parol "street"
stipulation between counsel that the appellant in the former
appeal, the respondent here, would give a bond, and that the
appellants' counsel relied upon the promise, and did not sell
the property upon execution.

The appellants contend (1) that equity will not suffer a
wrong without affording a remedy, and (2) that the attor-
ney had the implied power to bind the respondent. The
equity maxim has no application to the case. It is not
claimed that the respondent himself ever knew that the prom-
ise was made. *Pennsylvania Mtg. Inv. Co. v. Gilbert*, 18
Wash. 667, 52 Pac. 246; *Hill Estate Co. v. Whittlesey*, 21
Wash. 142, 57 Pac. 345, and *De Roberts v. Stiles*, 24 Wash.
611, 64 Pac. 795, are cited in support of the second conten-

tion. In the first of these cases a motion was made in this court to dismiss the appeal because the names of the appellants had been signed to the appeal bond by their attorneys. This court said the bond was sufficient "as the appellants would have been liable for the costs in any event." The other cases presented the same question, and the same ruling was made. We have no doubt that, where an attorney is directed to appeal, he has an implied authority to sign an appeal bond in the name of his principal. Whether he has the power to execute a supersedeas bond in his principal's name presents a very different question, and one which we do not find it necessary to decide for reasons which will later appear. Rem. & Bal. Code, § 130, subd. 1, provides:

"An attorney and counselor has authority—

"1. To bind his client in any of the proceedings in an action or special proceeding by his agreement duly made, or entered upon the minutes of the court; but the court shall disregard all agreements and stipulations in relation to the conduct of or any of the proceedings in an action or special proceeding, unless such agreement or stipulation be made in open court, or in the presence of the clerk, and entered in the minutes by him, or signed by the party against whom the same is alleged, or his attorney."

We think this statute is controlling in this case. There is no claim that it was complied with in any respect. In *Borkheim v. North Bank & M. Ins. Co.*, 38 Cal. 623, the plaintiff commenced separate actions against several insurance companies to recover loss caused by the same fire, the counsel and the issues in each action being the same. While one of the cases was on trial, it was verbally agreed in open court between counsel that the other cases should abide the result of the one on trial, but the agreement was not filed with the clerk nor entered in the minutes until some three weeks later, when it was so entered upon the motion of the counsel for the defendant, the plaintiff's counsel appearing but not consenting. The plaintiff having been defeated in the action tried, a judgment was entered against him in the other cases.

Thereupon the plaintiff appeared by other counsel and moved to set aside the judgment, which motion the lower court denied. The California statute provided:

"An attorney and counselor shall have authority: First, to bind his client in any of the steps of an action or proceeding, by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise."

Upon appeal the court in reversing the judgment held, that "it would be no misnomer to call the statute a statute of frauds," and that to allow such stipulations to be enforced against the will or without the consent of both parties would work the precise mischief which the statute was designed to prevent.

In *Merritt v. Wilcox*, 52 Cal. 238, the trial court set aside the judgment as originally entered, and substituted therefor a judgment payable in United States gold coin, holding the defendant bound to that effect by the parol agreement of his attorney. Upon appeal the court said it was not necessary to hold that every waiver or consent of counsel made in the presence of the court at the trial of the cause, such as the order of presenting the evidence, the best evidence, and other similar details of the trial, should be reduced to writing as provided by statute, but that "the statute has defined, with remarkable precision, and by the use of both affirmative and negative words, the precise limit of the authority of an attorney to bind his client by his agreement, and it has declared the filing of the agreement with the clerk, or its entry on the minutes of the court, indispensable to its validity."

In *State v. Stewart*, 74 Iowa 336, 37 N. W. 400, in a suit upon an appearance bond, the defendant sought to show an agreement between his attorney and the state's attorney, to the effect that the judgment would not be enforced until a later date which had not arrived when the action was commenced, and that the defendant was therefore not in default. The court held that the evidence was immaterial under the statute which provided that no evidence of an agreement of

an attorney to bind his client is receivable "except the state-ment of the attorney himself, his written agreement, signed and filed with the clerk, or an entry thereof upon the records of the court." See, also, 3 Am. & Eng. Ency. Law (2d ed.), 355.

Our statute has not only clearly defined the manner in which an attorney may bind his client, but has provided with equal precision that the court shall disregard all agreements and stipulations which do not conform thereto. The stipulation not having been made as the statute directs, it placed no obligation on the respondent. Having reached the conclusion that no legal stipulation was made, it is not necessary to consider the question of the power of the attorney to bind his client by engaging to give a supersedeas bond.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, and MORRIS, JJ., concur.