STATE OF IOWA, Appellee, v. ROY K. WALKER et al., Appellants.

STATE OF IOWA, Appellee, v. ROY K. WALKER, Appellant.

No. 41731.

230

November 21, 1933.

E. H. Lundy, and Lee, Steinberg & Walsh, for appellants.

R. R. Bateson, County Attorney, for appellee.

CLAUSSEN, J.—A preliminary information was filed in the superior court of Iowa Falls charging one Roy K. Walker with the crime of operating a motor vehicle while intoxicated. Pursuant to the provisions of chapter 626 of the Code, and especially Code section 13544, it was ordered that he be held to answer the same. He was admitted to bail in the sum of $500. Appellants signed a bail bond substantially in the form prescribed by Code section 13612, to secure the release of the defendant. A county attorney's true information was filed against the defendant in the district court charging him with the crime, and, of course, the matter was not acted on by the grand jury. When the county attorney's true information was filed, the court ordered that the defendant be admitted to bail in the sum of $1,000. A warrant was not issued for the arrest of the defendant, and he remained at liberty under the bond given in the superior court. The defendant employed counsel, and was present in court in person at the time of arraignment, at which time he pleaded not guilty.

When the case was reached for trial in the district court, defendant's counsel was present in court, but the defendant was not. His counsel and the county attorney tried to reach him by telephone at the home of a relative in eastern Iowa, but were advised that he had left to attend the trial. The court waited two days in vain for the defendant to present himself. Thereupon the court ordered the bailiff to call the defendant into court, which the bailiff solemnly did, but without the desired, although with the anticipated, result. The court then ordered the bail bond forfeited. After con-

siderable delay, the necessary proceedings were taken to enforce the bond against the appellants as sureties, and ultimately judgment was entered against appellants, from which they appeal.

Appellants complain because the case was not submitted to the grand jury, and contend that, because several terms of court have passed by without an indictment being returned by the grand jury, they have been exonerated on the bond. It is perfectly obvious that there is no merit in this claim. A county attorney's true information was filed charging the defendant with the crime which he was held to answer. Such procedure is authorized by law. Chapter 634 of Code. It is commonly said that a defendant has been "bound over to the grand jury," by a magistrate, but the statute directs that the order of the magistrate shall be that the defendant charged with a crime "be held to answer the same", Code section 13544, and, whether the charge be made by indictment or by county attorney's true information, a defendant, who has been held to answer by the magistrate, must answer in the district court. See Code section 13673.

It is seriously contended by appellants that they have been exonerated because a bench warrant was not issued at the time the true information was filed, with the resultant failure to arrest the defendant when he appeared for arraignment. The bond is substantially in the form prescribed by Code section 13612, and is an undertaking that the defendant shall appear at the next term of the district court "and answer said charge, and submit to the orders and judgment of said court, and not depart without leave of the same." It is the thought of the appellants that the condition of the bond was performed when the defendant appeared for arraignment, and that, if the defendant had been then arrested, the sheriff could have produced the defendant, or that some other bondsman would have been answerable on the bail fixed by the district court. The fatal weakness of the idea lies in the fact that the bond is not conditioned on the defendant presenting himself for arraignment, the bond in terms provides that the defendant shall answer the charge and submit to the orders and judgment of the court. Such language means that the defendant shall be personally present when his personal presence is required in the progress of the cause in the district court. The obligation of the bond is not satisfied by appearance for arraignment. The case is ruled by State v. Brown, 16 Iowa 314, and State v. Stewart, 74 Iowa 336, 37 N. W. 400.

■ At the time under consideration the crime charged was a misdemeanor. The case could have proceeded to trial in the absence of the defendant. Appellants contend that defendant's counsel was in court and that the court could have proceeded to try the case. Defendant's counsel was in court, and the court waited two days for the defendant to appear in person. When the bailiff called the defendant to come into court, defendant's counsel said nothing about proceeding in the absence of the defendant. In this situation it is clear that defendant's counsel then had no notion that he was authorized to proceed with the trial in the absence of the defendant. In any event, the court waited two days, for the express purpose of permitting the defendant to appear for trial. Such length of time was ample for a revelation of counsel's authority and willingness to proceed with the trial in defendant's absence.

There is no error in the record. The judgment of the trial court is affirmed—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.