HERMAN BURNSTEIN ex rel. ALBERT H. BURNSTEIN, Appellant, v. HARRY W. JENNINGS, Sheriff, Appellee.

No. 45537.

JUNE 16, 1942.

F. E. Northup, for appellant.

John L. Mowry, County Attorney, for appellee.

MITCHELL, J.—On December 9, 1930, Joe B. Tye, as county attorney of Marshall county, Iowa, caused to be filed in the district court of Marshall county, Iowa, a county attorney's information in which Herman Burnstein was accused of having possession of and of selling obscene literature. On the same day Herman Burnstein appeared in open court and by his attorney entered a plea of guilty to the information. Time was waived and the court pronounced sentence as follows:

"The Defendant Herman Burnstein is adjudged guilty of the crime of having in his possession and selling obscene literature as charged in the information, and is sentenced to pay a fine of $500.00, and the costs of prosecution and in default of the payment of this fine shall stand committed to the jail of Marshall County, Iowa, at hard labor for a period of five months; appeal bond of $500.00 provided that upon payment of $50.00 of said fine and costs herein the execution of the remainder of said judgment is suspended as provided in Section 3800 of the Code of Iowa, and said suspension to remain in force as long as Defendant remains out of Marshall County, Iowa."

On the 30th day of June 1940, Burnstein came back to Marshalltown to his brother's home, he says, for the purpose of returning his brother who lived in Marshalltown and who had been with him on a trip to New York to see his sick mother. On July

2, 1940, he was taken into custody by the Sheriff of Marshall County and on the 6th day of July he made application for writ of habeas corpus and was on hearing released, there being no commitment issued by the clerk or in the possession of the Sheriff of Marshall County at the time of said hearing, but immediately following this hearing, there was issued a commitment, and the Sheriff again took into custody Herman Burnstein, and for the second time an application was filed for writ of habeas corpus. A hearing was held. The court denied the writ and remanded Burnstein to the custody of the Sheriff of Marshall County, Iowa.

It is the hearing on the second writ with which we are confronted in this case. Herman Burnstein has appealed to this court. We quote the following from the appellant's brief:

"We contend that the state of Iowa, was bound to keep faith with the Defendant. He was a boy only 20 years of age. He was told if he plead guilty and paid $50.00 and costs, he must leave the State. He contends that he would not have plead guilty if he was to be fined the sum of $500.00.

"We knew that the Court had no right to require his removal from the State. However, the error of the judge was not of appellant's making, and he should not have been penalized for the unlawful acts of the Court."

This record clearly shows that Burnstein was guilty of the offense charged. He was represented in court by a lawyer and entered a plea of guilty. Even the appellant concedes that the lower court had no right to order his removal from the state, and of course we agree with this. All of the questions which we are confronted with in this case have heretofore been before this court and decided by it. In the case of State ex rel. Preston v. Hamilton, 206 Iowa 414, 417, 220 N. W. 313, 314, this court reviews the authorities. We quote from same:

"There was, in the case at bar, a final judgment of conviction, even though the suspension provision was added thereto. State v. Olson, 200 Iowa 660. Consequently, the trial court's action directly violated the constitutional provision, and usurped the prerogatives of the executive department of our government. Therefore, jurisdiction in the respondents was lacking, and

hence the attempted 'suspension' must be, and is, a nullity. If it were otherwise, every conviction for a criminal offense could be rendered nugatory by judicial action, and resultantly the statutes against crime would become ineffective. Said obligation upon the tribunal 'to try' the derelict is no more sacred than the duty to impose 'sentence' upon conviction; and when once entered, such judgment cannot be set aside except by the governor."

This court at this term of court has handed down an opinion reaffirming its former holdings and deciding all questions involved in this case. See Dawson v. Sisk, 231 Iowa 1291, 4 N. W. 2d 272.

We can come to no other conclusion than that the lower court was right, and it necessarily follows that the case must be, and it is, affirmed.—Affirmed.

All JUSTICES concur.