[No. 37394. Department One. May 6, 1965.]

Ken Northey, *Appellant*, v. George J. Vandermark, Jr., *et al., Respondents.*\*

*George H. Mullins*, for appellant.

*Halverson, Applegate, McDonald & Weeks*, by *Ray E. Munson*, for respondents.

Ott, J.—December 15, 1948, George J. Vandermark, Jr., and wife executed a promissory note to Randall & Doyle, Inc., in the sum of $3,040, payable in installments. The Vandermarks defaulted, and the note was assigned to Ken Northey, doing business as Lee-Ron Credit Service, for collection. He commenced an action to obtain judgment for the balance due on the note. By stipulation of the parties, judgment for $1,090, together with interest and attorneys' fees, was entered November 26, 1957. The judgment was predicated upon the obligation created by the Vandermarks' installment note made payable to Randall & Doyle,

*Reported in 401 P.2d 873.

Inc., and assigned to Ken Northey. The pleadings, findings of fact, and judgment contain no reference to the nature of the consideration for which the Vandermarks executed the note.

December 15, 1961, a federal court adjudicated the Vandermarks to be bankrupt. Ken Northey filed his proof of claim in the bankruptcy proceedings. There was no distribution to creditors. The order of discharge in bankruptcy stated in part:

> IT IS ORDERED that the said GEORGE VANDERMARK and DORIS VANDERMARK be, and they hereby are, discharged from all debts and claims which, by the Act of Congress relating to Bankruptcy, are made provable against their estate, except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy.

July 30, 1963, Ken Northey caused an execution, based upon his judgment on the note, to be levied on the interest of George J. Vandermark, Jr., in the estate of his deceased mother in Yakima County. The Vandermarks obtained an order in the Superior Court for Yakima County temporarily restraining the execution sale. They subsequently moved for summary judgment of dismissal. The motion was supported by an affidavit of their attorney that the judgment on the note was discharged by the bankruptcy proceedings. Ken Northey offered no controverting affidavit.

At the hearing upon the motion for summary judgment, counsel for Ken Northey informed the court that he could prove that the debt evidenced by the promissory note arose out of an alleged embezzlement by George J. Vandermark, Jr., while acting in a fiduciary capacity for Randall & Doyle, Inc.; hence, that the judgment on the note was not discharged by the bankruptcy proceedings.

The court granted defendants' motion for summary judgment and quashed the writ of execution. Ken Northey appeals.

The sole question on this appeal is: When the record of the proceedings which supports a judgment based upon a note does not show that the liability for the note was predicated upon one of the nondischargeable exceptions

to the Bankruptcy Act, can evidence be introduced to show that the obligation for which the note was given was non-dischargeable in bankruptcy?

The Bankruptcy Act, 11 U.S.C. § 35, provides in part:

A discharge in bankruptcy shall release a bankrupt from all of his provable debt, whether allowable in full or in part, *except such as* . . . (4) *were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity*; . . . . (Italics ours.)

The issue presented is one of first impression in this state. We assume, in this appeal, that counsel's statement that he had available evidence was an offer of proof that the original debt which constituted consideration for the note was the money that George J. Vandermark, Jr., allegedly embezzled from Randall & Doyle, Inc.

The general rule is that, in order to qualify within the exceptions of 11 U.S.C. § 35 of the Bankruptcy Act, the record of proceedings in which a judgment was obtained must show the nondischargeable character of the debt. Extrinsic evidence is not admissible to impeach or collaterally attack the judgment and establish the nondischargeable character of the debt or that the liability was of a different nature from that expressed in the cause of action which resulted in the judgment.

The cases which support this rule are collected in 170 A.L.R. 368 *et seq.* At p. 374, the rule is stated as follows:

By the great weight of authority, although the non-dischargeable character of the original obligation for which a note or other commercial paper has been given may be shown even after the recovery of a judgment on the note if the record of the judgment or of the proceedings in which it was obtained discloses such character, it may not be shown if all that the record shows is that the action was upon a note and does not disclose the nondischargeable character of the original obligation.

Appellant relies upon *Nichols v. Doak*, 48 Wash. 457, 93 Pac. 919 (1908), where the judgment recited that it was predicated upon fraud in obtaining goods. The nondischargeable character of the debt was shown in the judgment.

In *Guernsey-Newton Co. v. Napier,* 151 Wash. 318, 275 Pac. 724 (1929), the judgment creditor had agreed to accept a note for the amount of money embezzled. The judgment debtor refused to execute the note. Judgment was obtained on the ground of fraud and embezzlement, and the record disclosed the character of the debt.

In *In re Pulver,* 146 Wash. 597, 264 Pac. 406 (1928), the record indicated that fraud was the theory upon which the cause was tried. The jury was instructed on the issues of fraud, and returned a verdict for the plaintiff.

The Washington cases relied upon by appellant are not here apposite for the reason that, in each case, the record disclosed the nondischargeable character of the debt.

We have considered the authorities which express a contrary view and the reasons relied upon to support that view. However, we adopt the reasoning of the majority rule, and hold that evidence is inadmissible to show the nondischargeable character of a debt, when the nondischargeable incidents are not affirmatively shown in "the record of the judgment or of the proceedings in which it was obtained."

The judgment is affirmed.

ROSELLINI, C. J., HUNTER and HALE, JJ., and STAFFORD, J. Pro Tem., concur.