SUPREME COURT CASES.—1859.     149

The State of Iowa v. Ensley, The Same v. Weil, The Same v. Brown, etc.

THE STATE OF IOWA v. ENSLEY, also THE SAME v. WEIL, THE SAME v. BROWN and THE SAME v. FRONT.

1. JURAT. Where the transcript in a criminal proceeding in a justice's court, showed, by the certificate of the justice, that the information was sworn to, and the *jurat* was perfect, except the name of the magistrate, it was held that an objection to the information on that ground was not well taken when made for the first time in the Supreme Court.
2. GRADE OF OFFENSE. A defendant charged in an information with "selling intoxicating liquors unlawfully, having been heretofore convicted of the crime of selling intoxicating liquors unlawfully," may be found guilty as for a first offense. *The State* v. *Gordon*, 3 Iowa 415; *The Same* v. *Benham*, 1 Ib. 542.
3. RULES OF THE DISTRICT COURT. The District Court has power to provide by a rule of practice, that when a change of venue is granted in a criminal action, the defendant, if not in custody, shall enter into a recognizance, conditioned for his appearance at the next term of the District Court of the county to which the change has been awarded, in default of which the order will be canceled and the defendant ruled to trial. STOCKTON, J., *dissenting*.
4. ADOPTIÓN OF RULES. Rules of practice in the District Court should be adopted of record, but the printing and distribution of copies of the rules in the usual manner implies the adoption of them, even though no copy is spread upon the records of the court, or filed with the clerk.

*Appeal from Washington District Court.*

TUESDAY, DECEMBER 13.

INFORMATIONS charging the defendants with selling intoxicating liquors, unlawfully, after having been once convicted of the same offense. The errors assigned are stated in the opinion of the court.

*N. Everson* for the appellants.

*S. A. Rice*, Attorney General, for the State.

WRIGHT, C. J.—In each of these cases, defendants were charged before a justice of the peace, on written information, with selling intoxicating liquors. It is objected in one case

that the information was not sworn to by the informant. The transcript of the justice certifies that it was sworn to, and the information is followed by a *jurat* full in all its facts, except the name of the magistrate. Under these circumstances, we think the objection, if available at any stage of the proceedings, comes too late, when urged for the first time, in this court. We think it may well be treated as a technical error or defect, to be disregarded under section 3097 of the Code.

It is again objected that defendant was found guilty as for a first selling or a first offense, while the information charges a second selling and a former conviction. To this there is no objection. The offense for which he was convicted, is included in that charged. Code, section 3039; *The State* v. *Gordon,* 3 Iowa 415; *Same* v. *Benham,* 1 Ib. 542. The remaining objections relate to the vacation of the orders awarding a change of venue.

The 52d rule of practice, in the district where these causes were pending, provides that the applicant for a change of venue in a criminal case, unless in custody, shall enter into recognizance within forty-eight hours from the time the same is allowed, conditioned for his appearance, at the next term of the court in the county to which the change has been awarded, and if he does not do so, the order will be vacated and the defendant ruled to trial. In these cases the defendants made their applications, which were adjudged sufficient, and the change of venue allowed. They failed, however, without any cause, as far as disclosed by the record, to enter into the required recognizances. The orders, on motion of the district prosecutor were set aside and defendants held to trial in Washington county. In this we think there was no error. The court had power, in our opinion, to make such a rule, (Code, sections 1589, 91, chapter 250, page 411, Acts of 1857,) and indeed it is inherent in every court of general jurisdiction. If defendant is in custody, then by the express language of the rule, he is not required to enter into the recognizance. Or if being previously out on bail, he

during the forty-eight hours surrenders himself, of course, the order would not be set aside. This surrender answers the place of the contemplated bond.

It is objected that the rules of practice referred to, were not *filed and recorded* in the clerk's office of Washington county. The record recites that they were *published*, that a copy was deposited in the court house, but that they were not filed and recorded in court. To publish a rule is to make it public, make it known. This publication implies its adoption. Ignorance of the rule is not averred nor pretended.

These rules of court, it is known, are in most if not all the judicial districts, after their adoption, printed in a form convenient for use, and circulated in the several counties. The law contemplates their adoption by the *court* and not by the person filling the office of judge. They should be adopted of record. Not perhaps that it is strictly necessary, that they should be spread upon the records. And yet this is the better and safer course. The rules as adopted, or a printed copy of them, if not spread upon the records, should within a reasonable time be *filed* in each clerk's office. But if adopted and published, made known, we are not prepared to say that they may not be enforced before the actual filing. For aught that appears nothing more was done in this case in the court below.

Judgment affirmed.

STOCKTON, J., *dissenting*.—I dissent from that portion of the opinion of this court which relates to the right of the District Court to set aside the order awarding the change of venue to the defendants.

When the change of venue was allowed upon sufficient reason, there was no power in the District Court to set aside the order, on the ground that the defendants failed or refused to give bail for their appearance to answer the indictments at the next term of the District Court for the county to which the venue was ordered to be changed.

The consequences of the failure or refusal of the defendants to give bail, within forty-eight hours after the order for the change of venue is allowed, cannot be fixed by rule of court to be that the order for change of venue shall be set aside, and the defendants tried in the county where the indictments are found. The alternative of such failure, or refusal, has already been fixed by law. The defendants are to be committed to the custody of the sheriff to be transferred by him, in default of bail, to the county to which the venue has been changed.

The court can not affix as the penalty of failure, or refusal to give bail, that the order for the change of venue is revoked. The condition has already been fixed by the law; the party must go into the custody of the sheriff. If he fails to exercise his privilege of giving bail, he must stand committed. He is in contemplation of law, in custody at the time the order of the change for the venue is made. If not actually so he should be called in his bond and required to submit himself to the jurisdiction of the court, and either give a bond for his appearance in the other jurisdiction, or yield himself to the custody of the sheriff. If he fails to answer his bail bond should be forfeited. But the District Court has no power by rule to change the law, or affix any condition to the order for the change of venue, when the same has been allowed upon sufficient cause.