## THE STATE v. THOMPSON.

1. **Criminal Law:** INFORMATION: INTOXICATING LIQUORS. It is for the justice to determine whether an informant applying for a warrant under section 1544 of the Code is a credible resident or not, but neither the information nor warrant is required to state such fact.

2. ———: ———: ———. Where the information was entitled "State of Iowa, Clayton county," it was held unnecessary to allege in the information that the liquors were in Clayton county.

3. ———: ———: ———: DESCRIPTION. A description of the place to be searched by giving the owner's name and the kind of liquors which he was believed to keep, was held to be sufficient.

4. ———: ———: PRACTICE. An objection to the warrant for indefiniteness of description could not first be made in the District Court.

5. ———: PLEADING. An information which alleges that an act is in violation of law is sufficient, even if it do not specify by title and chapter the statute violated.

*Appeal from Clayton District Court.*

THURSDAY, OCTOBER 19.

THE following information was filed before a justice of the peace:

"STATE OF IOWA, }
    CLAYTON COUNTY.    }

"STATE OF IOWA, }
        v.        } *Before T. C. Thompson, Justice of the*
CLARK THOMPSON. }    *Peace.*

"Albert P. White, a resident of Clayton county, Iowa, says that he has reason to believe, and does believe, that Clark Thompson has in his saloon building, in Strawberry Point, intoxicating liquors, such as alcohol, wine, brandy and whisky, and that said intoxicating liquors are owned and kept by said Clark Thompson, and are intended by him to be sold in violation of the provisions of chapter six of the Code of Iowa."

The information was properly subscribed and sworn to by Albert P. White.

A warrant was issued and certain intoxicating liquors seized. The warrant directed the officer to search the premises at Strawberry Point, in Clayton county, Iowa, known as "Clark Thompson's saloon." The officer made a return on the warrant, that he had served it "by searching the within named building owned by Clark Thompson and seizing the liquor." A notice was issued and served on the defendant, and he appeared, claimed the liquors, and denied the allegations in the information. There was a trial and the justice adjudged the liquors to be forfeited. The defendant appealed to the District Court and there filed a motion to quash the information and warrant, which being sustained the State appeals.

*M. E. Cutts*, Attorney General, for the State.

*Stoneman & Chapin*, for defendant.

SEEVERS, CH. J.—The objections made to the information and warrant are:

I. That it does not appear therefrom that the informant is a credible resident of the county. The Code, § 1544, provides: 1. CRIMINAL law: information: intoxicating liquors. "If any credible resident of any county shall" * * make complaint or file an information the justice shall issue a warrant. The justice determines whether the informant is a credible resident or not, but the statute does not require such fact to be stated, either in the information or warrant. As a matter of form and substance, both are sufficient. *Commonwealth v. Lottery Tickets*, 5 Cushing, 371, cited by counsel, is not in point.

II. That the information does not state the liquors were in Clayton county. The information is entitled, "State of Iowa, Clayton county," and it is stated the liquors 2. ——: ——: ——. are in the defendant's saloon in Strawberry Point. It is not claimed that Strawberry Point is not in Clayton county, as a matter of fact. Taking the information altogether, it is sufficiently certain the liquors were in Clayton county, and it is so alleged in the information with sufficient certainty.

Neither the officer whose duty it was to serve the warrant,

the defendant, or any one else who fairly desired to construe the information and arrive at what it charged in this respect, could be mistaken or long remain in doubt as to its meaning and intent.

III.   That neither the information nor warrant state the place to be searched with sufficient certainty, and in support of this proposition, § 8, Article I, of the Constitution, is relied on.

The information describes the place as "Clark Thompson's saloon building in Strawberry Point, owned and kept by said Clark Thompson;" and the warrant states that an information has been filed, charging that "Clark Thompson has in his building in Strawberry Point, intoxicating liquors," * * * and the officer is directed to make search of the "premises known as Clark Thompson's saloon," and the things to be searched for are described as "intoxicating liquors, such as alcohol, wine, brandy and whisky," and such description of the place and things to be searched for we unhesitatingly hold sufficient under the constitutional provision against unreasonable searches and seizures.

3. ——: ——: ——: description.

The Massachusetts statute is entirely different in its requirements as to what the information and warrant must state from that of this State, hence the authorities cited by counsel are not applicable.

No objection was made to the information and warrant before the justice.   The objections now urged were first made in the District Court, after the appeal.   While we concede that objection to the information may be made in the District Court when it is defective in substance, we do not desire to be understood as impliedly admitting that an objection to the warrant can for the first time be raised in such court.

4. ——: ——: practice.

IV.   That the information does not charge that the intoxicating liquors were intended to be sold in violation of law. The averment in this respect is, that such liquors are "intended to be sold in violation of the provisions of chapter six of the Code of Iowa."   There are many chapters in the Code to which this reference will apply, and

5. ——: pleading.

the pleader no doubt meant or intended to refer to chapter 6 of title eleven of the Code.

No indictment is insufficient for a failure to state that the alleged offense is "contrary to the form of the statute." Code, § 4306; but an indictment or information should, in apt and suitable language, charge or state facts showing a crime had been committed or was intended. If the information averred the liquors were intended to be sold in violation of law it would have been sufficient. Such averment is, substantially, contained in the information, if the words " of the provisions of chapter six " can be rejected as surplusage. This, however, we think, cannot be done. We are not aware of any rule of construction that authorizes the rejection of these words. The pleader deemed them material, and has made the criminality of the act hinge on the fact that it is inhibited by the provisions of chapter six of the Code.

AFFIRMED.