The State v. Smouse.

---

THE STATE v. SMOUSE.

1. **Criminal Law:** INFORMATION. In an information entitled "The State of Iowa, City of Washington, v. Charles Smouse," the words "State of Iowa" were *held* to be surplusage merely.

2. ———: ———: TWO OFFENSES. An information is not liable to the objection that it charges two offenses when it charges but one offense punishable by the authority prosecuting, even though another offense, cognizable in another jurisdiction, may be set out therein.

3. ———: ———: FORM OF. Where an ordinance prohibited the sale of wine or beer to "any person," an information was held to be sufficient which charged a sale to "divers" persons.

*Appeal from Washington District Court.*

THURSDAY, DECEMBER 5.

AN information was filed before the mayor of the city of Washington charging that the defendant did unlawfully sell

whisky, wine and other intoxicating liquors, contrary to the ordinances of the city, and the peace and dignity of the State of Iowa.    The defendant pleaded not guilty.    A trial resulted in his conviction, and he appealed to the District Court, where, after a trial by jury, he was again convicted, and he has appealed to this court.

*A. C. McGengan,* for appellant.

*C. J. Wilson,* for appellee.

SEEVERS, J.—The abstract states that the defendant filed a demurrer to the information, and also a motion to set aside the verdict and for a new trial.    Both the demurrer and motion, it is stated, were overruled.    The abstract, however, fails to show that any exceptions were taken to the rulings, and neither the demurrer nor motion is in the abstract.    We are referred to the transcript for both, and it is said the transcript contains a bill of exceptions.

Under the settled practice of this court we never look into the transcript except for the purpose of determining the correctness of the abstract, where the same is disputed, in the manner required by the rules of this court.    As the abstract shows but a single exception, and that is to the instructions, we, strictly speaking, are only required to determine that question; but, as this is a criminal case, we proceed to a consideration of the questions discussed by counsel as best we can, in view of the record before us.

I.    It is objected that the prosecution is in the name of the State of Iowa, and not in the name of the city of Washing-

1. CRIMINAL law: information.

ton, as the ordinance of the city requires it to be.    The information is entitled as follows : "The State of Iowa, City of Washington, *v.* Charles Smouse."    If the prosecution was in the name of the State the words "City of Washington" in the title of the cause, and the reference in the body of the information to the ordinances of the city, would not be contained in such an information.    It is evi-

dent, we think, the clear intent, as appears from the information, is that the prosecution was by and in the name of the city of Washington, in which case the words "The State of Iowa" may well be regarded as descriptive, or rejected as surplusage.

II. It is urged that the information charges two offenses—one for selling whisky, which is a crime under the laws of the State, and the other for selling wine, which constitutes an offense under the ordinances of the city. As the prosecution is by and in the name of the city, any crime charged in the information which does not constitute an offense under the ordinances must be regarded as surplusage. There is but a single offense charged in the information which is punishable by the authority under which the prosecution was commenced. If an indictment charged in one count a larceny of goods in Iowa, and in another a larceny or any other offense committed in Illinois, such indictment would not charge two offenses punishable in this state, and, therefore, would not be liable to the objection made to the information in the present case. It is only when two offenses are charged which are punishable by the authority under which the prosecution is commenced, that such objection can be successfully interposed.

*2. ——: ——: two offenses.*

III. The ordinance prohibits the sale to "any person of any beer or wine the sale of which is not prohibited by law of the State of Iowa." The information states that sales were made to "divers persons," and it is insisted, because the ordinance prohibits the sale to any "person," it is not competent to charge in the information, or prove on the trial, that sales were made to "persons."

*3. ——: ——: form of.*

In the construction of statutes words importing the singular number may be extended to several persons or things (Code, § 45), and we see no reason why this rule should not be extended to the ordinance in question. But, whether this is so or not, we regard the information in this respect as

clearly sufficient, and think that the defendant could be properly convicted under the testimony introduced.

IV.   It is urged, as the information does not charge that sales were made by an agent or clerk, that testimony so showing was improperly admitted, and that the court erred in instructing the jury that such testimony would warrant a conviction.   It is also claimed the court erred in instructing the jury that all who aid in the commission of a public offense may be tried and punished as principals.   It is further insisted that the court erred in instructing the jury that proof of a sale made within one year previous to filing the information was sufficient.

In none of these respects was there error.   We do not think we should take the time or space required to state our reasons.

It is lastly urged the verdict is against the evidence.   In this view we do not concur.

Affirmed.