## State *vs.* William A. Woodmansee.

Chapter 281, Sec. 25, of the General Laws of Rhode Island, provides that certain public officers therein named may make complaints against persons for any of the offences mentioned in Sec. 24 of said chapter.

*Held*, that the authority to make such complaints is not exclusively confined to the officers named, but is supplemental to the right of private complainants to make the same.

*December* 1, 1896. MATTESON, C. J. This is a complaint under Gen. Laws R. I. cap. 281, § 24, charging the respondent with neglect to provide according to his means for the support of his wife, Grace L. Woodmansee, by whom the complaint was made.

Besides the offence charged in the warrant, § 24 enumerates, among others, the offences of being idlers, sturdy beggars, vagrants, prostitutes, common drunkards, common cheats, common railers and brawlers. Section 25 of the same chapter provides that the agent of State charities and corrections, the chief of police or overseer of the poor of any town, or such officer as the town council of any town or the

city council of any city may appoint for the purpose, may make complaint against any persons for any of the offences mentioned in § 24.

The respondent moves to quash the complaint because, as he contends, the authority to make complaint for the offences specified in § 24 is exclusive, and hence that no person other than the agent of State charities and corrections, chief of police or overseer of the poor of a town, or such officer as the town council of a town or the city council of a city may appoint for the purpose, can make complaint. In support of these contentions he urges that we find in § 24 a collection of offences made such by statute, the prosecution of which requires the exercise of great care and discretion to prevent injustice; and he, therefore, argues that the prosecution of these offences cannot be safely left to neighbor against neighbor or wife against husband, and that the officers of the law are named as public prosecutors to exclude as far as possible a misuse of the prosecuting power as to these offences by inviduals, for their own purposes.

We are not convinced by the argument that the authority to make complaint for the offences in question was intended to be exclusive. We are of the opinion, rather, that the authority conferred on the officers of the law, specified in § 25, was intended to be additional, or supplementary, to that of private complainants, to make sure that complaint should be made if the public interests should require it, even though no private person should be sufficiently interested to undertake the prosecution. We do not think that the offences enumerated in § 24 are of such a serious and important character as to require the exercise of any greater care and discretion to prevent injustice than should be exercised in the prosecution of violations of criminal law generally, and we think that it may safely be left to the courts to see that the prosecuting power is not misused for private ends.

The motion to quash is overruled, and the case is remitted to the Common Pleas Division for further proceedings.