STATE OF IOWA, Appellee, v. A. M. PORTER, Appellant.

1248

June 26, 1928.

Rehearing Denied November 16, 1928.

*Theodore Mantz*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

De Graff, J.—The three propositions upon which the appellant predicates a reversal find their origin in the grounds set forth in his motion in arrest of judgment, and may be stated as follows: (1) That the information is indefinite, vague, and uncertain in the statement of the facts constituting the crime charged; (2) that the information was sworn to and filed by "a private individual," in violation of the Constitution of Iowa; and (3) that the verdict was rendered by a jury of six, whereas, under the Constitution of Iowa, the defendant had a right to a jury of twelve persons. Of these in their order.

I. The appellant is not now in a position to question the sufficiency of the filed information. The information was not, in the trial court, challenged in any manner, before plea entered, and therefore the objections now urged must be viewed as waived in the first instance. *State v. Fortunski*, 200 Iowa 406. All objections to an information or indictment relating to matters of substance and form are deemed waived if not raised before the jury is sworn on the trial of the case. *State v. Costello*, 200

Iowa 313. The initial proposition of appellant is not tenable.

II. May an information charging a non-indictable misdemeanor be filed by an individual? The information in the instant cause was sworn to by one Sam Copple, and filed by him with the clerk of the municipal court of the city of Des Moines. The information charged a non-indictable misdemeanor. It alleged a violation of the law of the road (Sections 5019 and 5028, Code of 1927), punishable under the general penalty clause (Section 5089, Code of 1927), by a fine not exceeding $100, or by imprisonment not exceeding 30 days.

There can be no serious dispute that an information of the character in question may be filed by a private person unless there is something by way of statutory provision to prevent it. It is said in *State v. Giles*, 101 Me. 349 (64 Atl. 619):

"It is a rule of the common law of immemorial origin that, in the absence of statutory requirement to the contrary, all such complaints may be made by any person who can legally be a witness, and who has knowledge or information of any violation of the criminal law."

The fact that certain sections of the Code impose a duty upon certain officers, respectively, to file information in specified cases does not deprive others of the right to do the same thing. Such authority is additional or supplementary to that of private complainants, "to make sure that complaint should be made if the public interests should require it, even though no private person should be sufficiently interested to undertake the prosecution." *State v. Woodmansee*, 19 R. I. 651 (35 Atl. 961). See, also, *Commonwealth v. Gay*, 153 Mass. 211 (26 N. E. 571); *People v. Stickle*, 156 Mich. 557 (121 N. W. 497).

The word "information," under our criminal law, has a threefold designation: (1) As applied to a complaint or preliminary information, defined by Section 13458, Code of 1927, which is sufficiently broad to include both the preliminary complaint of an indictable offense and the charge of a non-indictable offense. See, also, Sections 13552 and 5212, Code of 1927. (2) As applied to what is usually denominated the "county attorney's information," defined by Chapter 634, Code of 1927, but also, under the present statute, termed a "trial information."

Section 13738-b5, Code of 1927. (3) As applied to a filed accusation before the proper magistrate, to charge. a non-indictable misdemeanor, as in the instant case; and in such case, the only method of procedure is by information. Section 13558, Code of 1927. See article by Professor Rollin M. Perkins of the University of Iowa Law School, entitled "The Trial Information in Iowa," Vol. XIII, No. 3, Iowa Law Review (April, 1928), page 264.

The second proposition advanced by appellant is not well based.

III. The third contention of the appellant is that the verdict in this cause was rendered by a. jury. of. six, which was violative of the Constitution of Iowa, granting to the defendant a jury of twelve persons. This proposition, like the preceding, is one of novel impression in this court. Briefly stated, the point is whether a person accused of a non-indictable misdemeanor is triable by a jury of six, rather than twelve, persons.

The Constitution of Iowa provides:

"The right of trial by jury shall remain inviolate; but the general assembly may authorize trial by a jury of a less number than twelve men in inferior courts; but no person shall be deprived of life, liberty, or property, without due process of law." Article I, Section 9, Constitution of Iowa.

It is said in *State v. Walker*, 192 Iowa 823, 835:

"The common-law concept of a jury which the original Constitution makers had in mind need not be respected in its entirety in order that 'the right of trial by jury shall remain inviolate.' This concept is primarily one of historical significance * * *."

Our state Constitution recognizes that a trial by jury may be authorized by statute by "a less number than twelve men in inferior courts." The municipal court, as defined by Chapter 475, is an inferior court.

The Constitution of Iowa further provides:

"All offenses less than felony and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, shall be tried summarily before a justice of the

peace, or other officer authorized by law, on information under oath, without indictment, or the intervention of a grand jury, saving to the defendant the right of appeal; * * * ." Article I, Section 11.

It may not be challenged that the municipal court had jurisdiction to try the offense charged in the instant information. Section 10656, Code of 1927. Under authority of the statute, the instant case falls within Class "C" of municipal court cases. Section 10666, Code of 1927. It is further provided that, in all cases in the municipal court, the jury shall consist of six persons, except in Class "A" cases where a jury of twelve is demanded by one of the parties. Section 10678, Code of 1927.

It is obvious, therefore, under the provisions of the Constitution and the statutes of Iowa, that the defendant in the instant cause was not entitled to a jury of twelve persons.

The decisions relied upon by appellant are not applicable, for the reason that they involve cases triable before a justice of the peace; and by statute, an appeal in such cases lies direct to the district court, in which court a jury of twelve persons is recognized. See *Zelle v. McHenry*, 51 Iowa 572; *City of Creston v. Nye*, 74 Iowa 369.

It is sufficient to state that the decisions supra do not decide the point in issue in the case at bar. The views herein expressed result in the conclusion that the propositions upon which appellant relies for a reversal are not sustainable. The judgment of the trial court is—*Affirmed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.