STATE OF IOWA, Appellee, v. D. B. FORD, Appellant.

No. 43336.

NOVEMBER 24, 1936.

Guy A. Miller, for appellant.

Edward L. O'Connor, Attorney General, and C. Edwin Moore, Asst. County Attorney, for appellee.

DONEGAN, J.—The defendant, Ford, was tried in the municipal court of the city of Des Moines under an alleged information which he contends was insufficient to confer jurisdiction on the court or to sustain the conviction and penalty imposed.

The purported information, under which the defendant was tried and convicted, was in the following form:

"Information        93-936            No. 28507
"State of Iowa
      vs.
"Defendant        D. B. Ford
"Address          Mitchellville
"License          77-37750
"Is accused of    No tail light
"At               11 St. No. Wash.
"On or about      9-18-35   Time 2 :45 A.

"In the city of Des Moines, in the County of Polk, State of Iowa, unlawfully and willfully ——————— and contrary to the statutes in such case made and provided and against the

peace and dignity of the State of Iowa, and contrary to an ordinance of the City of Des Moines, in such cases made and provided.

Officer        248-136

"Subscribed and sworn to this 9-18, A. D. 1935.

"Judge.                    _____,"

Even a cursory examination of this document reveals that it utterly fails to comply with many of the statutory requirements of this state in regard to charging the commission of a crime by information. Section 13458 of our Code contains the following definition of information:

"A complaint or preliminary information is a statement in writing, under oath or affirmation, made before a magistrate, of the commission or threatened commission of a public offense, and accusing someone thereof."

This so-called information having been filed in the municipal court of the city of Des Moines, the statutes governing its form and contents are those having reference to the trial of unindictable offenses before justices of the peace, which, under Code section 10656, are made applicable to trials for nonindictable offenses in the municipal courts of this state. Code section 13558 provides that:

"Criminal actions for the commission of a public offense must be commenced before a justice of the peace by an information, subscribed and sworn to, and filed with the justice."

And Code section 13559, defining the contents of such information, provides:

"Such information must contain: * * *

"3. A statement of the acts constituting the offense, in ordinary and concise language, and the time and place of the commission of the offense, as near as may be."

The so-called information, under which this defendant was found guilty, does not show that it was signed by any person; it does not show that it was sworn to by any person; it contains no signature of anyone who might be considered the person making the charge; and it does not contain the signature of any person purporting to be a magistrate before whom any charge was

made. Moreover, this so-called information fails to contain a statement of the acts constituting the offense charged, in ordinary and concise language, as required by paragraph 3, section 13559, of the Code. And, even if it should be claimed that this purported information is sufficient under Code section 13732-c2, which makes an indictment sufficient if it charges the offense for which the accused is being prosecuted "by using the name given to the offense by statute", we are unable to see how the so-called information in this case complies with such statute, because we know of no offense which is designated in any statute as "no tail light".

We think the document, under which the defendant in this case was prosecuted and found guilty, wholly fails to comply with almost every essential element of an information. Regardless of conditions which may exist in a large city, and which it might be argued justify some simplification and latitude in the processes and procedure of municipal courts, in order to facilitate the transaction of their business in prosecution of minor offenses, we do not think any such conditions can justify an utter failure to comply with the traditionally essential and statutory safeguards which must be followed in all prosecutions of offenses of a criminal nature.

The judgment of the trial court is, therefore, reversed.—Reversed.

PARSONS, C. J., and ALBERT, KINTZINGER, RICHARDS, HAMILTON, and ANDERSON, JJ., concur.