STATE OF IOWA, Appellee, v. M. P. WESTON, Appellant.

No. 44307.

DECEMBER 13, 1938.

Guy A. Miller, for appellant.

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, Carl A. Burkman, County Attorney, and Don Hise, Asst. County Attorney, for appellee.

SAGER, C. J.—■ The defendant was tried in the Des Moines municipal court under a so-called information which he contends gave the court no jurisdiction to enter any judgment against him.

The information, as far as it is possible to decipher it, is as follows:

"Information            *102-791*            No. 1230 A
"State of Iowa
"        vs.
"Defendant            *M. P. Weston*

"Address                    *1854 E. Wal.*
"License                    *77-7562*
"Is accused of              *Speeding 50* * * *
"At                         * * *
"On or about                * * *                    Time * * *
"In the City of Des Moines, in the County of Polk, State of Iowa, unlawfully and wilfully.........................and contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Iowa, and contrary to an ordinance of the City of Des Moines in such cases made and provided.
"Officer                    *A. D. Shores*
"Subscribed and sworn to this * * * A. D. 193*7*
"Judge...................

| | | | |
|---|---|---|---|
| "Defendant appeared | *10-4* | *2* | *1937* |
| "Plea | *N. G.* | | Hearing *10-18* 1937 |
| "Bond *Own* | Continued to.............. | | |
| "Penalty.............. | | | *CSC* |
| | | | Judge    " |

(The italicized portion represents so much of the written part of the exhibit as we have been able to decipher, and the stars represent what appears to be a part of the written entries, but which we have been unable to decipher even with the aid of a magnifying glass.)

■ The attorneys for the parties have placed their construction upon what the omitted portions are, but, without doubting the correctness thereof, we cannot accept assumptions as the basis of a judgment in a criminal case.

■ It will be seen that, contrary to the express requirements of the statute (section 13558 of the Code), this document is not sworn to, notwithstanding our pronouncement in State v. Ford, 222 Iowa 655, 269 N. W. 926. While there is some difference between the alleged informations, neither is sworn to, and this we hold renders the one before us insufficient to support a conviction.

This case is ruled by the Ford case, and but little need be added to what was there said.

■ It is urged in behalf of the state that it was the duty of the defendant to raise the question of insufficiency of the information before the trial, and that, failing therein, he waived

**1380**

the right to object here. The cases cited to support this contention have to do entirely with indictments and county attorneys' informations. We are not disposed to extend this rule, in the absence of a statute compelling it, so as to require those charged with minor and, in many cases, inadvertent infractions of the law, to go to the expense of employing attorneys to advise the prosecuting officers how informations in these cases shall be drawn in order that the defendant may be properly convicted.

It follows that the case should be, and it is, reversed.—Reversed.

ANDERSON, DONEGAN, KINTZINGER, and RICHARDS, JJ., concur.