CITY OF DES MOINES, Appellee, v. A. D. PUGH, Appellant.

No. 45852.

MARCH 17, 1942.

REHEARING DENIED JUNE 19, 1942.

A. D. Pugh, pro se.

John M. Rankin, Attorney General, and Denmar Miller, for appellee.

STIGER, J.—Section 24 of the ordinance reads:

"Sec. 24. STOP BEFORE ENTERING A THROUGH STREET. When stop signs are erected upon highways intersecting a through street at the entrances thereto or at the entrance to any intersection, every driver of a vehicle and every motorman of a street car shall stop at every such sign or at a clearly marked stop line before entering the intersection except when directed to proceed by a police officer or traffic control signal."

The penalty for violating any provision of the ordinance is a fine of not more than $100 or imprisonment of not more than 30 days.

About 11 o'clock on the night of January 8, 1941, appellant was driving his automobile south on 42d Street in the City of Des Moines, approaching Kingman Boulevard, and drove across the boulevard without stopping at the stop sign on the northwest corner of the intersection. A police officer stopped appellant south of the intersection and handed him a summons which notified him that he had violated a city ordinance and that an information would be on file in the traffic bureau, Des Moines, Iowa, at 9 o'clock a. m., January 9.

Appellant then stated to the officer that he did not see the sign and there was nothing to stop for. Appellant was not taken into custody.

Appellant did not choose to pay a fine at the traffic bureau and appeared to the information, which charged him with driving a motor vehicle through a boulevard stop sign.

The case was tried in the municipal court without a jury, under the provisions of section 10669, 1939 Code. Appellant was found guilty and a fine of $3.00 was imposed.

Appellant appealed to the district court of Iowa in and for Polk county. At the first trial in the district court the jury disagreed, and the second trial resulted in a verdict of guilty and he has appealed from judgment upon this verdict.

I. Appellant's first assignment of error is that the action in the municipal court was commenced by the summons, which was a malicious threat to extort money from appellant, oppress, and rob him, under a pretense of acting in an official capacity; that the municipal court acquired no jurisdiction over the appellant under the summons to try him for a violation of the city ordinance; that the judgment was void and therefore the district court was without jurisdiction to retry appellant on appeal.

The summons states:

"You are hereby notified that you have violated either a city or state traffic law and an information will be on file in the TRAFFIC BUREAU, DES MOINES, IOWA, at 9:00 A. M. 1-9, 1941.

"Officer 159-212

"Court closes at noon Saturday...........
"TO AVOID DELAY
"BRING THIS SUMMONS TO
"POLICE TRAFFIC BUREAU,
"East First and Court Avenue."

The action in the municipal court was not commenced by the summons, which was handed to appellant for the purpose of notifying him he had violated an ordinance and to give him an opportunity to voluntarily pay a fine at the traffic bureau. It was commenced by the information filed in the municipal court, to which appellant appeared, pleaded not guilty, and trial was had in said court on the information.

II. Sections 13558 and 13559, Code, 1939, read:

"13558 Information. Criminal actions for the commission of a public offense must be commenced before a justice of the peace by an information, subscribed and sworn to, and filed with the justice.

"13559 Contents of information. Such information must contain: * * *

"3. A statement of the acts constituting the offense, in ordinary and concise language, and the time and place of the commission of the offense, as near as may be."

Section 10656 provides that the municipal court, in all criminal matters, shall exercise the jurisdiction conferred on justice of the peace courts. Under the provisions of section 10666 the municipal court had jurisdiction of all criminal actions for the violation of city ordinances. Appellant complains the information was not sworn to. The information shows on its face it was signed by D. W. Rayburn, who was, as shown by the record, captain of the traffic bureau, and was sworn to before Municipal Judge C. Edwin Moore. Appellant further claims the municipal court was without jurisdiction because the information does not comply with subsection 3 of section 13559. The caption of the information, with reference to the offense charged, states that appellant "is accused of No Blvd Stop at 42 Kingman." The body of the information charged that appellant unlawfully "drove a motor vehicle through a boulevard stop sign" contrary to an ordinance of the City of Des Moines.

The facts stated in the information fully informed appellant of the offense charged and constituted a substantial compliance with section 13559.

█ Another objection to the information is that it does not contain a statement of the place of the commission of the offense. The place named in the information is 42 Kingman. Appellant states this named place means a street number on Kingman Boulevard and charges no offense at 42d Street and Kingman Boulevard; that is, appellant claims that he was charged with failing to stop at a boulevard stop sign at 42 Kingman Boulevard.

Appellant entered his plea to the information and proceeded to trial in the municipal court without in any manner challenging the information, and made this objection for the first time in his motion for a directed verdict. In State v. Porter, 206 Iowa 1247, 1248, 220 N. W. 100, defendant was charged, by information filed in the municipal court of the city of Des Moines, with the violation of a city ordinance. He attacked the sufficiency of the information for the first time in his motion in arrest of judgment. The opinion states:

"The appellant is not now in a position to question the sufficiency of the filed information. The information was not, in the trial court, challenged in any manner, before plea entered, and therefore the objections now urged must be viewed as waived in the first instance."

See, also, State v. Phillips, 212 Iowa 1332, 236 N. W. 104. See, generally, sections 13659, 13660, 10669.1, 13781, and 13791.

Appellant must be deemed to have waived the objection.

Appellant was accused in the caption of the information of "No Blvd Stop at 42 Kingman," and charged in the body of the information with driving a motor vehicle through a boulevard stop sign. It appears without dispute that appellant, a resident of Des Moines, drove south on 42d Street and across Kingman Boulevard, and the summons was handed to him immediately after he crossed the intersection. He knew he was charged with not stopping at a boulevard stop sign.

The court is of the opinion that, under the circumstances, appellant must have reasonably understood from the information that the place of the offense was at 42d Street and Kingman

Boulevard and that he was not charged with driving his automobile through a boulevard stop sign at 42 Kingman Boulevard. We conclude the description of the place of the commission of the offense, as named in the information, fairly informed appellant of the place of the commission of the offense.

Appellant relies on State v. Weston, 225 Iowa 1377, 282 N. W. 774, and State v. Ford, 222 Iowa 655, 657, 269 N. W. 926, 927. In the Weston case, supra, the information was undecipherable in part and was not sworn to. In the Ford case, supra, the information was not signed or sworn to, and, as stated by the court, failed to comply "with almost every essential element of an information." The cited cases may be distinguished on the facts and do not control the decision here.

III. Another objection is that the information is fatally defective in joining both the City of Des Moines and the State of Iowa as plaintiffs and in alleging a violation of both the ordinance and the statutes.

Appellant alleges the information violates section 8, Article V of the Constitution of the State of Iowa, which provides that the style of all process shall be "The State of Iowa," and all prosecutions shall be conducted in the name and by the authority of the same. The information is entitled "City of Des Moines," and directly underneath are the words, "State of Iowa."

In City of Davenport v. Bird, 34 Iowa 524, the court correctly held that said constitutional provision did not apply to prosecutions for infractions of city ordinances.

In State v. Smouse, 49 Iowa 634, 635, the information was entitled "The State of Iowa, City of Washington v. Charles Smouse." The court said:

"If the prosecution was in the name of the State the words 'City of Washington' in the title of the cause, and the reference in the body of the information to the ordinances of the city, would not be contained in such an information. It is evident, we think, the clear intent, as appears from the information, is that the prosecution was by and in the name of the city of Washington, in which case the words 'The State of Iowa' may well be regarded as descriptive, or rejected as surplusage."

Appellant, a Des Moines lawyer, conducted his own defense,

and the case was clearly tried on the theory that he was charged with violating the ordinance, and his contention that the dual charge of a violation of the ordinance and an identical statute constituted a fatal jurisdictional defect cannot be sustained.

IV. Section 10669 provides that in a municipal court all criminal actions for the violation of city ordinances shall be tried summarily and without a jury. Appellant alleges this section violates sections 9 and 10 of Article I of the Constitution of the State of Iowa. Said sections read:

"Right of trial by jury—due process of law. SEC. 9. The right of trial by jury shall remain inviolate; but the General Assembly may authorize trial by a jury of a less number than twelve men in inferior courts; but no person shall be deprived of life, liberty, or property, without due process of law.

"Rights of persons accused. SEC. 10. In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial by an impartial jury; * * *."

This court held in State v. Hanson, 201 Iowa 579, 207 N. W. 769, that a jury trial is not indispensable to due process.

Section 11, Article I of the Constitution provides that:

"All offences less than felony and in which the punishment does not exceed a fine of One hundred dollars, or imprisonment for thirty days, shall be tried summarily before a Justice of the Peace, or other officer authorized by law, on information under oath, without indictment, or the intervention of a grand jury, saving to the defendant the right of appeal; * * *."

Appellant's constitutional rights were not violated, for he exercised his right to appeal to the district court and had his trial by jury in said court.

In Zelle v. McHenry, 51 Iowa 572, 574, 2 N. W. 264, 266, the court, after referring to sections 10 and 11 of Article I of the Constitution, said:

"The right to one jury trial is all that is guaranteed, and that is preserved by allowing an appeal to a court where the cause is to be tried anew, and by a jury."

In City of Creston v. Nye, 74 Iowa 369, 371, 37 N. W. 777,

778, the opinion, in recognizing the rule stated in Zelle v. Mc-Henry, supra, states:

"It is conceded that the defendant had the right to a trial by jury at some stage of the proceedings, either in the superior court or upon an appeal. There can be no question that such right exists. State v. Beneke, 9 Iowa 203; Zelle v. McHenry, 51 Iowa 572."

V. Appellant's next proposition is that the uncontradicted evidence shows that when he crossed the intersection without stopping as required by ordinance, there was no traffic in the intersection, or moving toward it, or in sight, that could be regulated or endangered, and therefore his conduct was not within the legislative intent of the ordinance.

The ordinance, a valid police regulation, required appellant to stop at the stop sign except when directed to proceed by a police officer or traffic-control signal. No such direction was given him. Such was the exaction required of the appellant by the ordinance. The fact that appellant's judgment that he, under existing conditions, could safely cross the intersection without stopping, proved to be correct, and the fact that when appellant reached the stop sign there were no automobiles, in the opinion of witnesses, sufficiently close to the intersection to constitute a hazard to drivers approaching from the north, did not affect or qualify appellant's imperative duty to bring his car to a full stop. This assignment is without merit.

VI. Another error is that the trial court, by questioning appellant, violated his right not to be called as a witness by the state. As stated, appellant conducted his defense and the questions were directed to appellant in his capacity as counsel. As stated by the trial court during the progress of the trial, "I ask you these questions so that I can intelligently rule on this objection."

Appellant's said right was not violated. Furthermore, we find no objection interposed to the questions.

VII. Still another assignment is that the court erred in sustaining objections to questions propounded to a witness who was a juror on the first trial in the district court. The appellant then made the following proffer:

"That a juror on the former trial of this case, Fern Shobe, who testified on her examination that her husband was a City fireman, was permitted to leave the jury room away from and out of the hearing of the jurors, and the bailiff and conversed with an outside party for about twenty minutes."

It does not appear to whom the juror talked or what was said, or the circumstances under which she left the jury room. The implication seems to be that because the juror was the wife of a city fireman, an employee of the plaintiff in the prior trial, her conduct compels the presumption that appellant did not have a fair trial and constitutes a general admission against the justice of appellee's case. The record precludes an indulgence in such a presumption and compels the rejection of appellant's contention.

The court has carefully examined appellant's remaining assignments and finds no error.

The case is affirmed.—Affirmed.

BLISS, C. J., and MILLER, HALE, WENNERSTRUM, GARFIELD, and OLIVER, JJ., concur.