State of Iowa, appellee, v. Robert L. Bostwick, appellant.

No. 48186.

(Reported in 57 N.W.2d 217)

MARCH 10, 1953.

Theodore F. Mantz, of Des Moines, for appellant.

Robert L. Larson, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Clyde E. Herring, County Attorney, for appellee.

586

GARFIELD, J.—On May 14, 1952, an information was filed in the municipal court of the city of Des Moines charging defendant with the offense of assault and battery upon Emma Hollingsworth. He appeared in court, was arraigned, pleaded not guilty and trial was set for May 27. After two continuances defendant pleaded guilty on June 17, 1952, and was given a suspended sentence of thirty days in jail. On June 23 suspension of the sentence was revoked and defendant was ordered committed to jail. After serving seven days of the sentence he appealed to this court.

The principal contention argued is that the information is so insufficient and incomplete it is void. We hold the contention is without merit.

■ The jurisdiction exercised by the municipal court in criminal matters includes that conferred on justice of peace courts. Section 602.15, Code, 1950; City of Des Moines v. Pugh, 231 Iowa 1283, 1286, 2 N.W.2d 754, 756.

Code section 762.2 provides such an information as this must be subscribed and sworn to. Section 762.3 states what an information charging a nonindictable offense must contain. State v. Bethards, 239 Iowa 899, 903, 32 N.W.2d 769, 770. The required contents of such an information are:

"1. The name of the county and of the justice where the information is filed.

"2. The names of the parties * * *.

"3. A statement of the acts constituting the offense, in ordinary and concise language, and the time and place of the commission of the offense, as near as may be." (Section 762.3.)

This is a copy of the information in this case:

"Information—Assault and Battery.

STATE OF IOWA ⎫ In the Municipal Court of the City of
vs. ⎬ Des Moines, Polk County, Iowa.
ROBERT L. BOSTWICK. ⎭

The Defendant___, accused of the crime of Assault and Battery. For that the Defendant___ on the 14 day of May, 1952, at the City of Des Moines, in the County of Polk, State of Iowa,

did unlawfully and willfully commit Assault and Battery upon Emma Hollingsworth at 841 Penn Ave. ―――――――

EMMA HOLLINGSWORTH

against the peace and dignity of the State of Iowa, in such case made and provided.

Res. Address   841 Penn Ave.
Bus. Address―――――――

Subscribed in my presence and sworn             "
to before me by the said―――――――――――――――
this 14 day of May, 1952.

DON L. TIDRICK

Judge of Municipal Court."

(SEAL)
Municipal Court
City of Des Moines
Iowa

This information is subject to criticism in three respects: (1) The word "is" following "The Defendant" in the first sentence is omitted. (2) Emma Hollingsworth's signature appears on the line immediately above that intended for such purpose. (3) The jurat of the judge contains a ditto mark below the informant's signature and does not repeat her name. We can find nothing else about the information to criticize.

■■  Notwithstanding these matters we are agreed this information is not so insufficient as to be void. Indeed it substantially complies with Code section 762.3 and with the form set out in section 762.4. This latter section contemplates only substantial compliance with the form there set out. And substantial compliance with statutory requirements is sufficient. 22 C. J. S., Criminal Law, section 307.

■  Defendant's argument that the information is not sworn to appears to be based on the thought a complete affidavit by the informant should have followed her signature. No authority to that effect has come to our attention. Nor does the form set

out in Code section 762.4 contain such an affidavit. The information is subscribed and sworn to. See as having some bearing State v. Ensley, 10 Iowa 149; Devine v. The State of Iowa, 4 (Clarke) Iowa 443; 22 C. J. S., Criminal Law, section 308.

■ Defendant's contention that the information does not state the time the offense was committed seems to be based on the fact the time of day is not alleged. It was sufficient to state the date. Code section 762.4.

■ Section 773.33 states, "* * * no information for a nonindictable offense which charges the offense in accordance with the provisions of this act shall be held to be insufficient." The permissible form set out in section 773.34 of an information for assault and battery is "A. B. committed assault and battery upon C. D." The information here was sufficient to charge the offense. If defendant desired further details he should have sought a bill of particulars under section 773.5. State v. Lockhart, 241 Iowa 638, 640, 39 N.W.2d 589, 590.

■ Although we have considered the claimed defects in the information as urged by defendant, we hold he waived defects of this nature by entering his plea without challenging the information. State v. Ensley, supra, 10 Iowa 149; State v. Porter, 206 Iowa 1247, 220 N.W. 100; City of Des Moines v. Pugh, supra, 231 Iowa 1283, 1287, 2 N.W.2d 754, 756; 22 C. J. S., Criminal Law, section 424, pages 657, 658 ("Accordingly such a plea waives any defect * * * not jurisdictional * * *."); 14 Am. Jur., Criminal Law, section 272 ("A defendant, by pleading guilty, waives all defenses other than that the indictment charges no offense."). See also State v. Bethards, supra, 239 Iowa 899, 904, 32 N.W.2d 769, 771.

State v. Ford, 222 Iowa 655, 657, 269 N.W. 926, 927, and State v. Weston, 225 Iowa 1377, 282 N.W. 774, cited by defendant, are not in point. See City of Des Moines v. Pugh, supra, at page 1288 of 231 Iowa, page 757 of 2 N.W.2d. In the Ford case the information was not signed or sworn to and, in the language of the opinion, "wholly fails to comply with almost every essential element of an information." The information in the Weston case was also not sworn to and parts of it could not be deciphered.

■ We find no merit in the argument there should be a reversal because it does not appear the court informed defendant of his right to appeal from the judgment. Code section 762.43 provides a justice of the peace "rendering a judgment against the defendant must inform him of his right to an appeal therefrom * * *." It is clear from the language of this and following Code sections this provision refers to the right of appeal to the district court from justice court, not to the right exercised here to appeal to this court under Code sections 602.44 and 602.25 from a judgment of the municipal court.

Further, defendant was not prejudiced by the court's failure to inform him of his right to appeal. Apparently defendant's attorney informed him of such right. At least the attorney perfected this appeal on July 1. See in connection with this claimed error Jacoby v. Waddell, 61 Iowa 247, 16 N.W. 119.

When the suspension of sentence was revoked a bench warrant was issued under which defendant was taken into custody and brought before the court. No objection was there made to such procedure although we understand defendant was then represented by counsel. However, it is asserted here a bench warrant may issue only for an indictable offense.

Code section 247.26 states: "A suspension of a sentence * * * may be revoked at any time, without notice, by the court or judge, and the defendant committed in obedience to such judgment." This statute is upheld in Pagano v. Bechly, 211 Iowa 1294, 232 N.W. 798; Bennett v. Bradley, 216 Iowa 1267, 249 N.W. 651; Dawson v. Sisk, 231 Iowa 1291, 1296, 4 N.W.2d 272, 275, 141 A. L. R. 1219, 1222.

■ So far as we can find, the statutes do not prescribe the process under which a defendant shall be taken into custody upon revocation of the suspension of sentence. Nor does defendant suggest what process should have issued. It is not argued the court was not justified in revoking the suspension and committing defendant to jail under the sentence imposed on June 17. Defendant is not entitled to a reversal on the ground he was taken into custody and brought before the court under a bench warrant. See The State v. Thompson, 44 Iowa 399, 401;

State v. Hofer, 238 Iowa 820, 824, 825, 28 N.W.2d 475, 478, and citations.

Defendant's reply brief suggests that when the sentence was suspended he was not "committed to the custody, care, and supervision" of a "suitable resident of this state" as required by Code section 247.21, made applicable to judges of municipal courts by section 602.28. This requirement should have been complied with. However, lack of compliance was not prejudicial to defendant in a legal sense nor did it affect the validity of the sentence of confinement. See in this connection Dawson v. Sisk, supra, 231 Iowa 1291, 4 N.W.2d 272, 141 A. L. R. 1219; Burnstein v. Jennings, 231 Iowa 1280, 4 N.W.2d 428; State v. Rand, 239 Iowa 551, 560, 561, 32 N.W.2d 79, 84; State v. Radcliffe, 242 Iowa 572, 575, 44 N.W.2d 646, 648, 47 N.W.2d 175.— Affirmed.

All JUSTICES concur except LARSON, J., who takes no part.