CLIFFORD GENE BREEDEN, petitioner, v. ANDREW J. NIELSEN, Judge, and COUNCIL BLUFFS MUNICIPAL COURT, respondents.

## No. 51199.

(Reported in 127 N.W.2d 661)

April 8, 1964.

Ernest L. Woolsey, of Council Bluffs, for petitioner.

Ross F. Caniglia, of Council Bluffs, for respondent Nielsen.

John M. Peters, of Council Bluffs, for respondent Municipal Court.

HAYS, J.—Plaintiff entered a plea of guilty to a charge, in the Municipal Court of the City of Council Bluffs, Iowa, of "failing to yield the right-of-way". Apparently a violation of section 321.319 of the Code was charged although no statute is specifically mentioned. The charge seems to have resulted from a collision of plaintiff's car with another one which resulted in some damage to the other car. Under section 321.482 of the Code a violation of section 321.319 is a misdemeanor and the punishment is fixed therein at "a fine of not more than one hundred dollars *or* by imprisonment for not more than thirty days" (Italics ours). The judgment of the trial court was a fine of ten dollars *and* sentence of fifteen days imprisonment; the imprisonment part was suspended on condition that plaintiff make restitution. The fine was immediately paid. Restitution not being made, a warrant was issued for the plaintiff's arrest for failure to obey the order of the court. The matter is before this court on a writ of certiorari with all further proceedings in the trial court being suspended pending a decision herein.

Rule 306, Rules of Civil Procedure, states that "A writ of certiorari shall only be granted * * *; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his, proper jurisdiction or otherwise acted illegally."

Rule 308 provides, "The writ shall not be denied or annulled because plaintiff has another plain, speedy or adequate remedy; but the relief by way of certiorari shall be strictly limited to questions of jurisdiction or illegality of the acts complained of

\* \* \*." Under rule 309, only this court or justice thereof may issue a writ to a Municipal Court.

Plaintiff asserts the Municipal Court lacked jurisdiction to entertain the case, and that it acted illegally. We will consider the latter proposition first.

I. Plaintiff asserts that the court acted illegally in entering a judgment consisting of a fine *and* a jail imprisonment. All parties seem to be agreed that in order to justify the judgment entered by the court, in the statute prescribing the penalty, section 321.482, Code, the word "or" must be held to mean "and".

It seems to be the theory of the respondents that common sense requires the statute be interpreted to mean the court has discretion in the matter and may impose both a fine and imprisonment so long as neither exceeds the maximum of thirty days or $100, and places great stress upon the words "not more than" as used in the statute. The only authority they cite in support thereof are cases where the statute itself specifically authorizes the imposition of a fine *or* imprisonment or *both* such fine and imprisonment, i.e., State v. McMahon, N.O.R., Iowa, 211 N.W. 409; State v. Small, 233 Iowa 1280, 11 N.W.2d 377; State v. Kramer, 252 Iowa 916, 109 N.W.2d 18. They are not in point.

█ We agree with respondents that the statute places a discretion in the trial court. It has a discretion as to a fine *or* an imprisonment up to the limit fixed by the legislature. It may not, through a guise of discretion, enlarge the maximum penalty prescribed by the legislature.

Such is the view expressed by the weight of such scanty authority as there appears to be upon the subject. 24B C. J. S., Criminal Law, section 1982(c) states: "Where the statutory direction is for a fine 'or' imprisonment, both a fine and imprisonment cannot be imposed."

█ 15 Am. Jur., Criminal Law, section 459, contains the following statement: "The word 'or' in criminal statutes cannot be interpreted to mean 'and' when the effect is to aggravate the offense or increase the punishment. The word, when used in respect of punishments, indicates alternative punishments, only one of which can be imposed." See also State v. Reed, 75 S. D. 282,

63 N.W.2d 792; People ex rel. Carlstrom v. Eller, 323 Ill. 28, 153 N.E. 597, 49 A. L. R. 490.

The gist of the above mentioned holdings is the judgment is not void, merely excessive, and that a payment of the fine satisfies the judgment. We think such a view is sound and we adopt the same. Here, as above stated, the fine has been paid. The trial court acted illegally in imposing the sentence it did. See Dawson v. Sisk, 231 Iowa 1291, 4 N.W.2d 272, 141 A. L. R. 1219.

II. A considerable portion of both briefs and arguments deals with the question of that part of the judgment "which suspends the imprisonment on condition that restitution be made." Assuming that the trial court had authority to impose the imprisonment sentence there appears to be little doubt but that the court has power and authority to suspend such sentence. See sections 247.20, 602.15 and 602.28, Code of Iowa. It is also abundantly clear that in imposing a suspended prison sentence, the court may attach thereto certain rules of conduct, a violation of which may mean a revocation of such suspension. Here, assuming power to grant the instant suspension, the question raised goes to the nature of the condition thereto attached. In view of our holding in Division I hereof, we are not called upon to determine the validity of such condition and do not do so. We do say that we cannot place a stamp of approval upon such action and direct attention to State v. Walker, 246 Iowa 932, 70 N.W.2d 177.

III. Plaintiff contends that due to various irregularities in the complaint or information filed in the Municipal Court it lacked jurisdiction to hear the case. The complaint is that the same was not sworn to as required by section 754.1, Code, and does not state the place of the commission of the offense as required by law, citing section 762.3(3), Code of Iowa. It has already been noted that plaintiff entered a plea of guilty to the charge and has paid his fine. State contends that having failed to raise these objections before entering the plea of guilty that he has waived them, citing State v. Bostwick, 244 Iowa 584, 588, 57 N.W.2d 217, to the effect that " 'A defendant, by pleading guilty, waives all defenses other than that the indictment charges

no offense'." The case refers to State v. Ford, 222 Iowa 655, 269 N.W. 926, and State v. Weston, 225 Iowa 1377, 282 N.W. 774, and states that they are not in point.

The above mentioned Ford and Weston cases are cited and relied upon by the plaintiff. They are cases arising in the Municipal Court of Des Moines and have to do with alleged defective informations dealing with traffic violations. In each instance there was a conviction upon a plea of not guilty and an appeal to this court. In each instance the case was reversed due to faulty information being filed, even though such question was not raised before entering a plea of not guilty. In the Weston case the question of waiver was advanced and in reply thereto this court said on page 1380: "The cases cited to support this contention have to do entirely with indictments and county attorneys' informations. We are not disposed to extend this rule, in the absence of a statute compelling it, so as to require those charged with minor and, in many cases, inadvertent infractions of the law, to go to the expense of employing attorneys to advise the prosecuting officers how informations * * * shall be drawn * * *."

We think the rule applicable to indictments and informations is applicable to informations in a Municipal Court under our statutes. See sections 762.11, 777.1, 777.2, and 777.3, Code of 1962, and that such rule as announced in State v. Bostwick, 244 Iowa 584, 57 N.W.2d 217, is sound and that State v. Ford and State v. Weston, both supra, in so far as they hold otherwise are overruled.

The trial court in the instant case had jurisdiction to try and determine the case upon a plea of guilty.

IV. Plaintiff asserts that there was oppression upon the part of the defendants, section 740.3, Code, and asks for damages sustained on account thereof.

Section 740.3, Code of 1962, provides: "If any judge * * * by color of his office, willfully and maliciously oppress any person under the pretense of acting in his official capacity, he shall be fined * * * and be liable to the injured party for any damage sustained by him in consequence thereof."

Rule 316, R. C. P., states: "Unless otherwise specially provided by statute, the judgment on certiorari shall be limited to

sustaining the proceedings below, or annulling the same wholly or in part, to the extent that they were illegal or in excess of jurisdiction, and prescribing the manner in which either party may proceed further, nor shall such judgment substitute a different decree or order for that being reviewed."

It is plaintiff's claim that the provisions of section 740.3, Code, come within the meaning of rule 316, where it says "Unless otherwise specially provided by statute" and damages may be allowed in a certiorari proceedings of this sort. The only case cited by either party is State ex rel. Enderlin State Bk. v. Rose, 4 N. D. 319, 58 N.W. 514, which is not in point.

Plaintiff's contention is so foreign to all legal concepts as to the purpose and functions of certiorari that we give such claim no further consideration.

In view of our holding in Division I hereof, the judgment imposed was fully satisfied upon the payment of the fine. The order for plaintiff's arrest for failing to make restitution was illegal and beyond the authority of the court to make. The writ is sustained and cause remanded for entry of a proper judgment showing satisfaction of the judgment entered in this case.—Writ sustained.

All JUSTICES concur except PETERSON, J., who takes no part.