STATE of Iowa, Appellee,

v.

**Richard Mark PHIPPEN, Appellant.**

No. 58768.

Supreme Court of Iowa.

July 30, 1976.

Harold G. DeKay, Atlantic, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Asst. Atty. Gen., and Jay E. Howe, Adair County Atty., for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

This appeal involves requirements for informations or complaints charging nonindictable misdemeanors.

State Trooper Steve Conlon stopped defendant Richard Mark Phippen for recklessly operating a motorcycle. Trooper Conlon employed the Iowa Uniform Traffic Citation and Complaint to charge defendant with the offense, and signed that form. The form contained the following, which was also signed by Trooper Conlon but not by anyone else:

I hereby swear or affirm that the information contained herein is true and correct to the best of my knowledge.

[signed] Trooper S. Conlon

Subscribed and sworn to before me on ____, 19__ A.D.

Defendant appeared in district court before a judicial magistrate, pleaded not guilty, and stood trial. At the conclusion of the evidence, defendant moved to dismiss the complaint on the ground it was not sworn to. The magistrate overruled the motion. After hearing argument, the magistrate found defendant guilty and imposed a fine of $80 and costs. Defendant appealed. (The parties speak of trial in "magistrate court" and appeal to "district court," but of course only one court is involved, the district court, of which both the magistrate and the district judge are judicial officers. Code 1973, §§ 602.1, 602.3.)

On appeal, a district judge tried the case anew pursuant to § 762.43 of the Code. At the conclusion of the evidence, defendant again moved to dismiss the complaint because it was not sworn to. The judge overruled the motion. After argument, the judge found defendant guilty and imposed a fine of $80 and costs. Defendant there-

upon appealed to this court, asserting error in the failure of the judge to sustain the motion to dismiss. The problem relates not to the citation but to the validity of the complaint.

I. *Merits of Motion.* Regarding offenses like the present one, § 11 of article I of the Iowa Constitution states:

All offenses less than felony and in which the punishment does not exceed a fine of One hundred dollars, or imprisonment for thirty days, shall be tried summarily before a Justice of the Peace, or other officer authorized by law, on information *under oath,* without indictment, or the intervention of a grand jury, saving to the defendant the right of appeal. . . . (Italics added.)

■ We do not attach significance to the use of the term "complaint" here rather than "information." *State v. Buehler,* 125 N.W.2d 155 (N.D.).

■ Nonindictable traffic charges such as this one may be made under § 753.13 of the Code, which authorizes the uniform complaint, or under § 762.2, which authorizes the regular information or complaint for nonindictable offenses. Both sections require the charging instrument to be sworn to. Section 753.13 speaks of this as a "verification," which we construe to mean under oath as in the case of complaints under § 762.2. The question therefore is whether the complaint before us was under oath as required by the constitution and by § 753.13, under which this complaint was made.

This court considered the necessary formalities for an "oath" in *Dalbey Bros. Lumber Co. v. Crispin,* 234 Iowa 151, 12 N.W.2d 277. Our statutes list the officers who may administer oaths and take affirmations in § 78.1 of the Code. See also §§ 78.2 and 753.13. Under the *Dalbey* decision, undoubtedly either an "oath" or "affirmation" would suffice, and the present form, if completed, would be sufficient; undoubtedly the oath or affirmation could be administered or taken by any of the officials listed in § 78.1, or in §§ 78.2 or 753.13 where

applicable; and undoubtedly an oath or affirmation, if actually administered or taken, could be proved by a completed jurat of the official or, if the jurat was not completed, by evidence aliunde. ˙

The difficulty here, however, is the same as in *Miller v. Palo Alto Board of Supervisors,* 248 Iowa 1132, 84 N.W.2d 38. There the purported oath of six condemnation commissioners was as follows:

State of Iowa, Palo Alto County, ss:

We _____ do each of us solemnly swear that to the best of our knowledge and abilities we will faithfully and impartially appraise the present cash value of the property taken and the damages to the above described lands.

(Signed by each of the six commissioners.)

Sworn to and subscribed, before me this ___ day of ___, A.D. 1955.

_____

Notary Public In and For Palo Alto County, Iowa
My Commission expires July 4, 1957.

This court stated:

The instrument in question in the case at bar contained a blank jurat, prepared for a notary public. Apparently it had been handed the sheriff. The findings of the trial court recite the oath was apparently signed by each commissioner in the presence of the sheriff. However, the sheriff did not testify he administered the oath to the commissioners. He testified merely that the commissioners signed the paper at his request and in his presence and that they were not sworn. There is nothing in the record to indicate the sheriff knew he was authorized to administer the oath by Code section 78.2, or that he understood he was administering an oath or that the commissioners were sworn. Apparently there was no other testimony concerning the circumstances surrounding the signing and filing of the paper. None of the commissioners testified to such circumstances or that he understood he was taking an oath. . . .

We hold the evidence here insufficient to prove the oath was administered to the commissioners. It follows they failed to qualify and their assessment of damages to appellant's land was invalid. 248 Iowa at 1136, 1137, 84 N.W.2d at 40, 41.

■ We have the same situation here. The jurat was not completed and the record is barren of parol proof of an oath or affirmation. We hold that the complaint was not shown to be under oath or affirmation and was deficient under § 11 of our Bill of Rights and § 753.13 of the Code.

II. *Timeliness of Motion.* The State could have amended the complaint before trial to make it under oath. We need not say whether the State could have so amended at the conclusion of the evidence, although see *State v. Merchant,* 38 Iowa 375; *State v. Doe,* 50 Iowa 541 (adopting broad rule on permissibility of amendment); and *State v. Abrams,* 131 Iowa 479, 108 N.W. 1041. See also Code 1973, §§ 773.43, 769.12; *State v. Reilly,* 108 Iowa 735, 78 N.W. 680; *Town of Lovilia v. Cobb,* 126 Iowa 557, 102 N.W. 496; 22 C.J.S. Criminal Law § 377 at 956–957; 42 C.J.S. Indictments and Informations § 239 at 1248–1249. The State did not, at any rate, amend the complaint.

■ The State urges, however, that defendant did not make his motion until the end of the evidence both before the magistrate and the judge—evidently in each instance so that defendant had been placed in jeopardy—and that defendant waived his motion attacking the complaint by not asserting it at the pleading stage. That would have been the result, of course, had the complaint been a county attorney's information. §§ 769.17(4), 769.18; *State v. Fortunski,* 200 Iowa 406, 204 N.W. 401. Our decisions hold the principle to be the same with a complaint charging a nonindictable misdemeanor. *State v. Porter,* 206 Iowa 1247, 220 N.W. 100; *City of Des Moines v. Pugh,* 231 Iowa 1283, 2 N.W.2d 754; *State v. Bostwick,* 244 Iowa 584, 57 N.W.2d 217.

Two decisions appear to hold otherwise. *State v. Ford,* 222 Iowa 655, 269 N.W. 926; *State v. Weston,* 225 Iowa 1377, 282 N.W.

774. The court overruled those cases on this point, however, in *Breeden v. Nielsen*, 256 Iowa 358, 127 N.W.2d 661. In *Breeden* the court relied on § 762.11, which provides that a defendant to a complaint may plead the same as to an indictment, and on §§ 777.1, 777.2, and 777.3, which provide inter alia that a defendant to an indictment waives all objections to form and substance of the indictment by failing to demur before the jury is sworn.

We thus hold that defendant Phippen waived the objection in question by failing to interpose it in time.

AFFIRMED.